United States District Court
Southern District of Texas
FILED

NOV - 7 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEARL DYANE VILLARREAL | § | |
| | § | |
| | § | **B-03- 205** |
| VS. | § | Civil Action No._____ |
| | § | |
| | § | |
| HARTFORD FIRE INSURANCE COMPANY | § | |

NOTICE OF REMOVAL

Defendant Hartford Fire Insurance Company files this Notice of Removal to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. § 1441, based on the following facts, which show that this case is properly removable:

PROCEDURAL BACKGROUND

1.    On September 8, 2003, Plaintiff commenced an action in the 404th Judicial District Court of Cameron County, Texas, Cause No. 2003-09-4524-G, styled Pearl Dyane Villarreal v. Hartford Fire Insurance. Plaintiff alleges Defendant is liable for breach of contract, breach of good faith and fair dealing, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and gross negligence.

2.    On October 13, 2003, Hartford Fire Insurance Company was served.

3.    Defendant's Notice of Removal is timely as it is filed within 30 days of actual or constructive receipt of Plaintiff's Original Petition. 28 U.S.C. § 1446(b).

4.    At the time suit was filed, and continuing to the present, this Court had, and still has, original subject mater jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant. There are no statutory bars against removal to the United States District Court, Southern District of Texas.

5.    At the time suit was filed, and continuing to the present, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6.    Defendant acknowledges Plaintiff's Original Petition does not contain a specific amount of damages.  However, Defendant believes it is facially apparent from Plaintiff's Original Petition that the claims of the Plaintiff are likely above $75,000.00.  Nevertheless, Defendant attaches an affidavit to support satisfaction of the amount in controversy requirement.  See Exhibit G; *Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773-774 (5th Cir.2003); *White v. FCI USA, Inc.,* 319 F.3d 672, (5th Cir. 2003); *Simon v. Wal -Mart Stores, Inc.* 193 F.3d 848, 850 (5th Cir.1999).  The affidavit verifies receipt of a letter from Plaintiff's counsel wherein Plaintiff's alleged damages are outlined.  As set forth in the letter, attached as Exhibit G-1, Plaintiff believes her actual damages and attorney fees total $104,587.43.  Further, Plaintiff states this figure does not include punitive damages, mental anguish or a trebling of her alleged damages.  The attached affidavit and letter are sufficient to support the amount in controversy requirement.  See *Wilson v. Belin,* 20 F.3d 664, 651 n. 8 (5th Cir.1994.)

## PARTIES

7.    At the time Plaintiff's Original Petition was filed and continuing to the present, Plaintiff is alleged to be a citizen of, and domiciled in, the State of Texas.  *See* Pet. Intro. Para.

8.    At the time Plaintiff's Original Petition was filed and continuing to the present, Defendant Hartford Fire Insurance Company was and still is a Connecticut Corporation with a principal place of business in Connecticut.

9.    There is complete diversity between the parties.

10.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure. Defendant demands a trial by jury.

11.    A copy of this Notice of Removal was filed with the clerk of the State Court in which the original action was filed, as required by law.

12.    Pursuant to Local Rules 3 and 81, this Notice of Removal is accompanied by a Civil Cover Sheet and copies of the following attached documents:

    a.    All executed proceedings in the case (Exhibit A);
    b.    Pleadings asserting causes of action (Exhibit B);
    c.    All orders signed by the State Judge (Exhibit C-None);
    d.    The state court docket sheet at the time of removal (Exhibit D);
    e.    An index of matters being filed (Exhibit E);
    f.    A list of all attorneys, including their addresses, telephone numbers, and the parties they represent (Exhibit F);
    g.    Affidavit (Exhibit G); and
            Letter (Exhibit G-1).

PRAYER

For these reasons, Defendant Hartford Fire Insurance Company accordingly requests that the

Court take jurisdiction of this action to its conclusion and final judgment, to the exclusion of any

further proceedings in State Court, in accordance with law.

Dated: November 7, 2003.

Respectfully submitted,

Anthony B. James
State Bar No. 10537300

Lisa M. Crouch
State Bar No. 06571040

HODGE & JAMES, L.L.P.
Attorneys and Counselors at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707

Attorneys in Charge for Defendant, HARTFORD
FIRE INSURANCE COMPANY

CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing, Notice of Removal has been served on the 7th day of November, 2003 to all attorneys of record by placing same in a post office or official depository under the care and custody of the United States Postal Service, via personal delivery as follows:

     VIA CMRRR#7002 2410 0001 9647 9479
Mr. Hugo Xavier De Los Santos
Attorney at Law
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213

                                                 _____
                                          Anthony B. James

EXHIBIT A
ALL EXECUTED PROCESS

EXHIBIT B
PLEADINGS

EXHIBIT C
ORDERS SIGNED BY STATE JUDGE
(None)

EXHIBIT D
DOCKET SHEET

EXHIBIT E
INDEX OF MATTERS BEING FILED

1.    Civil Cover Sheet

2.    Notice of Removal

3.    Exhibit A       All Executed Process
      Exhibit B       Pleadings
      Exhibit C       Orders Signed by State Judge (None)
      Exhibit D       Docket Sheet
      Exhibit E       Index of Matters Being Filed
      Exhibit F       Counsel
      Exhibit G       Affidavit
      Exhibit G-1     Letter from Plaintiff's Counsel

EXHIBIT F
COUNSEL

ATTORNEY FOR PLAINTIFF

Mr. Hugo Xavier De Los Santos
State Bar No. 05653300
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213
Telephone: (210) 736-4227
Facsimile: (210) 737-1556

ATTORNEY FOR DEFENDANTS

Hartford Fire Insurance Company:

Anthony B. James
State Bar No. 10537300
Lisa M. Crouch
State Bar No. 06571040
HODGE & JAMES, L.L.P.
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707

EXHIBIT G
AFFIDAVIT


EXHIBIT G-1
LETTER FROM PLAINTIFF'S COUNSEL

10/22/2003 09:09 FAX                                                    002

CT System

Service of Process Transmittal Form

Dallas, Texas

10/13/2003

Via Federal Express (2nd Day)

TO:  Michael Johnson Legal Assistant
     The Hartford
     Hartford Plaza
     690 Asylum Avenue, HO-1-09
     Hartford, CT 06115-0000

     Phone: (860) 547-2270 ex:
     FAX: (860) 547-8959
     EMAIL: MICHAEL_JOHNSON@THEHARTFORD.COM

RE:   **PROCESS SERVED IN TEXAS**

RECEIVED
OCT 1 7 '03
SELECT LITIGATION CLAIM

FOR    HARTFORD FIRE INSURANCE COMPANY Domestic State: Ct

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Pearl Dyane Villarreal vs Hartford Fire Insurance Company |
| 2. DOCUMENT(S) SERVED: | Citation, Original Petition, Request for Disclosure |
| 3. COURT: | 404th JDC, Cameron County |
| | Case Number 2003094524G |
| 4. NATURE OF ACTION: | Auto accident. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 10/13/2003 at 15:05 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after expiration of 20 days |
| 8. ATTORNEY(S): | Hugo Xavier de Los Santos |
| | 8800 Park Ten Blvd., Ste 123N |
| | San Athonio, TX 78213 |
| 9. REMARKS: | i-Note sent 10/13/2003 to MICHAEL.JOHNSON@THEHARTFORD.COM |

SIGNED     CT Corporation System

PER        Angela L. Kraft • Mays /BP
ADDRESS    350 North St. Paul Street
           Dallas, TX 75201
           SOP WS 0005769427

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

**EXHIBIT**
A

10/22/2003   10:09AM

10/22/2003 09:10 FAX @003

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2003-09-004524-G

**COPY**

T H E   S T A T E   O F   T E X A S

DELIVERED BY
DATE 10/19

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HARTFORD FIRE INSURANCE COMPANY
    SERVING ONE OF ITS OFFICERS,
    PRESIDENT, VICE-PRESIDENT,
    GENERAL MANAGER, OR ITS
    REGISTERED AGENT, CT CORPORATION SYSTEMS
    350 N. ST. PAUL STREET, DALLAS, TEXAS
the         DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION        was filed on SEPTEMBER 08, 2003. A copy of same accompanies this citation.

The file number of said suit being No. 2003-09-004524-G.

The style of the case is:

PEARL DYANE VILLARREAL
VS.
HARTFORD FIRE INSURANCE COMPANY

Said petition was filed in said court by    HON. HUGO XAVIER DE LOS SANTOS
(Attorney for

R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___ M., and executed (not executed) on the _____ day of _____ _____ by delivering to _____ in person a true copy of this citation, upon which I endorsed the date of delivery, together with the accompanying copy of the Plaintiff's Original Petition and Plaintiff's Rule 194 Request For Disclosure. Cause of failure to execute this citation is: _____

10/22/2003  10:09AM

No. 2003-09-4524-G

FILED
AURORA DE LA GARZA DIST. CLERK

SEP 0 8 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUT

| | | |
|---|---|---|
| **PEARL DYANE VILLARREAL,**<br>Plaintiff | § | In the District Court of |
| | § | |
| **V.** | § | Cameron County, Texas |
| | § | |
| **HARTFORD FIRE INSURANCE COMPANY,**<br>Defendant | § | 404 Judicial District |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, PEARL DYANE VILLARREAL, Plaintiff in the above numbered and styled cause, complaining of HARTFORD FIRE INSURANCE COMPANY, Defendant in the above numbered and styled cause, and for cause(s) of action would respectfully show the court and jury the following:

### I.
### THE PARTIES

A.    Plaintiff PEARL DYANE VILLARREAL is a resident of Cameron County, Texas.

B.    Defendant HARTFORD FIRE INSURANCE COMPANY is an insurance company doing business in the state of Texas with offices and agents throughout the state of Texas, and in particular Cameron County, Texas. Defendant INSURANCE COMPANY is also the insurance carrier which insured plaintiff PEARL DYANE VILLARREAL at the time of the incident made the basis of this suit. Said Defendant may be served with process by serving one of its officers, President, Vice-President, its general manager, or its registered agent for service, CT Corporation Systems, at its registered office address located at 350 North Saint Paul Street, Dallas.

**EXHIBIT**

tabbies®

B

10/22/2003   10:09AM

## II.
## AGENCY

Whenever in this Petition it is alleged that the above named Defendant did any act or thing, it is meant that Defendant and/or its officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant, or it was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## III.

Discovery in this action is to be conducted pursuant to Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## IV.
## VENUE

Venue is proper and mandatory in Bexar County, Texas, and being the county in which the defendant insurance company solicited, transacted and conducted the business the subject of this action.

## V.
## FACTS

*THE POLICY.* Defendant INSURANCE COMPANY issued a policy of automobile liability and property insurance, to wit policy number 65 ST 832035, to Plaintiff PEARL DYANE VILLARREALs' father, Mr. Luis Villarreal. This policy includes plaintiff PEARL DYANE VILLARREAL as an insured pursuant to the specific terms of the said policy. The aforesaid policy of un-/under-insured automobile insurance sold to Plaintiff's family by Defendant INSURANCE COMPANY, for which policy Defendant INSURANCE COMPANY collected and earned insurance premiums from Plaintiff, provides for the payment of losses suffered by Plaintiff PEARL DYANE VILLARREAL due to risks of direct loss, including losses resulting from, *inter alia*, a

PLAINTIFF'S ORIGINAL PETITION _____ JURY

motor vehicle accident involving an un-/under-insured motorist.

## VI.
## BODILY INJURIES – THE MOTOR VEHICLE ACCIDENT

The loss made the basis of this action arose out of a motor vehicle accident which occurred on January 1, 2000, in the City of Santa Rosa, County of Cameron, Texas. On this day, Plaintiff PEARL DYANE VILLARREAL was a 100% blameless passenger in a vehicle driven by JOEY E. FRAUSTO, which vehicle was owned by RAMIRO OCHOA. Neither JOEY E. FRAUSTO nor RAMIRO OCHOA had automobile liability insurance at the time of the said motor vehicle accident and collision upon which this action is based. Third party, JOEY E. FRAUSTO was an "uninsured" or "underinsured" driver of an "uninsured" or "underinsured" motor vehicle at the time of the subject motor vehicle accident. This motor vehicle accident and collision was proximately caused by the negligence of MR. FRAUSTO.

## VII.

At the time and on the occasion in question, and immediately prior thereto, the underinsured driver, JOEY E. FRAUSTO, while operating a motor vehicle was negligent in various acts and omissions, which negligence was a proximate cause of the motor vehicle accident and occurrence in question, and Plaintiff's injuries and damages:

a.  JOEY E. FRAUSTO was negligent in the manner in which he was driving and operating the vehicle on the public roads in Santa Rosa, Cameron County, Texas;

b.  JOEY E. FRAUSTO and RAMIRO OCHOA failed, inter alia, to engage (turn on) the OCHOA Vehicle headlights despite the fact that they were driving at night;

c.  JOEY E. FRAUSTO failed to stay awake while driving the OCHOA Vehicle;

d.  JOEY E. FRAUSTO drove the OCHOA Vehicle recklessly;

e.  At the time of the collision in question (the occurrence), although it was night time and dark, it being about 3:20 o'clock a.m., JOEY E. FRAUSTO drove the OCHOA Vehicle without the headlights being illuminated or turned on;

PLAINTIFF'S ORIGINAL PETITION _____ JURY

f.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO was traveling at an excessive rate of speed;

g.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO was negligent in that he was driving the OCHOA Vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

h.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO was driving the OCHOA Vehicle faster than the speed limit;

i.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO failed to keep a proper lookout;

j.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

k.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO failed to make a timely application of your brakes;

l.  At the time of the accident (the occurrence), JOEY E. FRAUSTO failed to avoid the collision in question;

m.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO failed to timely apply the brakes to the OCHOA Vehicle in order to avoid the collision in question;

n.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO failed to apply the brakes to the OCHOA Vehicle in order to avoid the collision in question;

o.  At the time of the accident (the occurrence), JOEY E. FRAUSTO failed to turn the OCHOA Vehicle to the left (or right) in order to avoid the collision;

p.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO failed to control the speed of the OCHOA Vehicle;

q.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO failed to slow the OCHOA Vehicle when approaching a curve;

r.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO was traveling in excess of the speed limit when approaching a curve;

s.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO drove the OCHOA Vehicle around a corner at a high rate of speed and negligently lost control of the OCHOA Vehicle;

t.  At the time of the collision in question (the occurrence), JOEY E. FRAUSTO struck the curb twice skidding on it for approximately twenty feet (20') and then

drove the OCHOA Vehicle into a ditch with the OCHOA Vehicle turning over and landing on its driver's side;

u.  JOEY E. FRAUSTO failed to avoid the collision that ensued; and/or

v.  JOEY E. FRAUSTO failed to take proper evasive action and/or failed to slow the vehicle and/or failed to drive defensively so as to avoid the high impact collision that ensued as a result of his reckless driving.

The negligence of these third parties, JOEY E. FRAUSTO and/or RAMIRO OCHOA, both "un-/under-insured motorists" pursuant to the subject policy of insurance, was a direct and proximate cause of the motor vehicle collision and accident in which Plaintiff PEARL DYANE VILLARREAL suffered serious, disabling, disfiguring and permanent bodily injuries, for which damages, Plaintiff now sues.

### VIII.
### NEGLIGENCE *PER SE*

A.  By operating a vehicle while intoxicated, JOEY E. FRAUSTO was negligent per se in violation of §49.04 of the Texas Penal Code, and such negligence per se was a proximate cause of the occurrence in question.

B.  By driving the OCHOA Vehicle in willful or wanton disregard for the safety of persons or property, Defendant JOEY E. FRAUSTO was negligent per se in violation of the Uniform Act Regulating Traffic on Highways, Tex.Rev.Civ.Stat. art. 6701d, §51, and such negligence per se was a proximate cause of the occurrence in question.

### IX.

At all times material, the said policy issued by Defendant INSURANCE COMPANY to Plaintiff was in full force and effect. All conditions precedent to Defendant INSURANCE COMPANY's liability under the said policy have occurred or been performed.

Defendant INSURANCE COMPANY was timely notified of the losses which

are the subject of this action immediately after their respective occurrence. To this day, Defendant INSURANCE COMPANY has not paid to Plaintiff PEARL DYANE VILLARREAL for the losses and damages that Plaintiff has incurred as a result of this incident.

After Plaintiff submitted her claim to the Defendant INSURANCE COMPANY and provided INSURANCE COMPANY with sufficient documentation to support her claim for benefits pursuant to the subject policy, INSURANCE COMPANY, for over two (2) years and for almost three (3) years, unreasonably and contrary to prevailing law, took the position that the Plaintiff had to first sue and recover her damages from the uninsured motorists and uninsured owner of the subject vehicle in which she was injured on January 1, 2000. This unfair and unjust treatment of the plaintiff has unreasonably delayed the payment of her claim, all to her damage and detriment, for which she now sues.

To compound matters, defendant INSURANCE COMPANY has made light of the permanent scars that the plaintiff suffered to her face on January 1, 2000, and has made unreasonably low offers through 2003, all in violation of INSURANCE COMPANY's duties owed to the plaintiff.

Defendant INSURANCE COMPANY's aforesaid conduct and/or omission(s) is in breach of its duty of good faith and fair dealing, and in breach of its insurance policy agreement which it sold and issued covering the Plaintiff for the losses for which this action is brought.

## X.
## BREACH OF CONTRACT

At the time of the motor vehicle collision which is the subject of this action, Plaintiff is protected against losses associated with bodily injury and/or property damages, and resulting from the ownership, maintenance, or use of an underinsured

motor vehicle by a policy of insurance, specifically policy No. 65 ST 832035, issued on January 1, 2000, by Defendant NATIONWIDE. The premium for said policy had been fully paid and said insurance was in full force and effect when Plaintiff sustained bodily injury from the automobile accident hereinafter complained of.

### XI.

The motor vehicle causing Plaintiff's damages as described above was at all times material to this action an "underinsured motor vehicle", as that term is defined in the policy of insurance. In this connection, the sum of the limits on all applicable liability bonds and policies providing liability insurance for the ownership, maintenance, or use of such vehicle is insufficient to compensate for Plaintiff's actual damages. Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Defendant INSURANCE COMPANY has therefore breached its contract of insurance and as a direct and proximate result thereof, plaintiff has suffered damages for which she now sues.

### XII.
### GROSS NEGLIGENCE

The acts and/or omissions of the Third Parties, JOEY E. FRAUSTO and/or RAMIRO OCHOA, alleged herein constitute gross negligence and same was(were) done or failed to be done in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of others.

Furthermore, the acts and/or omissions of defendant INSURANCE COMPANY alleged herein constitute gross negligence and that same was done or failed to be done in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of others.

### XIII.
## BREACH OF GOOD FAITH AND FAIR DEALING

Pursuant to the holding in ARNOLD v. NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY, 725 S.W.2d 165 (TEX. 1987), Defendant INSURANCE COMPANY has breached its "duty of good faith and fair dealing" which it owed to Plaintiff by virtue of the special relationship between the parties governed or created by the contract of insurance sold by Defendant INSURANCE COMPANY to Plaintiff. Defendant INSURANCE COMPANY owed Plaintiff PEARL DYANE VILLARREAL a duty of good faith and fair dealing based upon their special relationship.

### XIV.
## VIOLATIONS OF THE TEXAS INSURANCE CODE

The Defendant delayed payment of Plaintiff's claim for more than sixty (60) days after it received all required and requested items, statements, and forms. Thus, Defendant INSURANCE COMPANY violated Article 21.55 of the Texas Insurance Code.

Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim.

Therefore, Plaintiff is entitled to recover from Defendant the additional sum of eighteen (18) percent per year of the amount payable under the policy, together with a reasonable sum for the necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

### XV.
## TEXAS DECEPTIVE TRADE PRACTICES ACT

Plaintiff further brings this action seeking recovery for damages arising out of defendant's violation of the Texas Deceptive Trade Practices-Consumer Protection Act.

*TO THE COURT ONLY*: Pursuant to DTPA, Section 17.50, and pursuant to the actual damages found by the trier of fact which exceed $1,000.00 shall be multiplied times three and awarded to the Plaintiff. Plaintiff sues for treble damages as provided for in the DTPA.

## XVI.
## OTHER CAUSE(S) OF ACTION

Plaintiff PEARL DYANE VILLARREAL further asserts any and all claims she has against INSURANCE COMPANY pursuant to the following legal bases:

A.    The Prompt Payment of Claims Act, Article 21.55 of the Texas Insurance Code;

B.    Texas Deceptive Trade Practices—Consumer Protection Act of the State of Texas, Texas Business and Commerce Code, Sections 17.41 et. seq. [hereinafter referred to as the "DTPA"];

C.    Defendant's breach of good faith and fair dealing pursuant to the holding in ARNOLD v. NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY, 725 S.W.2d 165 (TEX. 1987); and/or

D.    Defendant's violations of the Unfair Claims Settlement Practices Act, Article 21.22-2 of the Texas Insurance Code, which prohibits insurance companies from engaging in unfair claims settlement practices.

## XVII.
## DAMAGES

By reason of the above and foregoing, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this honorable court, for which damages Plaintiff now sues.

As a result of the collision above described, the Plaintiff suffered personal injuries causing Plaintiff to sustain damages in excess of the minimum jurisdictional limits

of this honorable court for which she now sues.

## XVIII.

As a result of the injuries described above, Plaintiff suffered severe personal injuries causing Plaintiff to sustain permanent bodily impairment, scarring, loss of earnings, and a loss of earning capacity in the future. Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of Plaintiff's injuries and disfigurement. Plaintiff has been caused to incur medical charges and expenses in the past and will continue to incur medical expenses in the future for Plaintiff's injuries. Plaintiff is entitled to recover the foregoing from the Defendant pursuant to the terms and provisions of the insurance policy in question, which was sold by Defendant INSURANCE COMPANY to the Plaintiff.

Accordingly, as a direct and proximate result of the conduct and/or omissions on the part of INSURANCE COMPANY and the terms and provisions of the subject contract of insurance, Plaintiff is entitled to recover at least the following legal damages:

(1)     Past necessary and reasonable medical, health care, hospital, and pharmaceutical expenses;

(2)     Future necessary and reasonable medical, health care, hospital, and pharmaceutical expenses, which in all probability will be incurred;

(3)     Physical pain and suffering in the past;

(4)     Physical pain which, in all reasonable probability, will be suffered in the future;

(5)     Mental anguish suffered in the past;

(6)     Mental anguish which, in all reasonable probability, will be suffered in the future;

(7)     Physical impairment in the past;

(8)    Physical impairment which, in all reasonable probability will be suffered in the future;

(9)    Lost wages in the past;

(10)   Loss of wage earning capacity in the future; and

(11)   Physical Disfigurement.

## XIX.

Pleading further, if it be shown that the Plaintiff suffered from some preexisting injury, disease and/or condition at the time of the incident made the basis of this law-suit, that such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of third party, MR. FRAUSTO.

## XX.

Pleading further, if it be shown that the Plaintiff suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this law-suit, that such injury, disease and/or condition was aggravated and/or exacerbated by the negligence and gross negligence of third party, MR. FRAUSTO.

## XXI.

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XXII.

*TO THE COURT ONLY*: Pursuant to DTPA, Section 17.50, and pursuant to the actual damages found by the trier of fact which exceed $1,000.00 shall be multiplied times three and awarded to the Plaintiff. Plaintiff sues for treble damages as provided for in the DTPA.

*TO THE COURT ONLY*:    Pursuant to Section 16(b)(1), Article 21.21, TEX.INS.CODE, the court shall award, in addition to the actual damages found by the trier of fact, two times the amount of actual damages.  Plaintiff sues for treble damages

as provided for in the TEX.INS.CODE.

## XXIII.
## EXEMPLARY PUNITIVE DAMAGES

The acts above described and complained of were willfully, intentionally, unlaw-fully, and maliciously done by Defendant, as a result of which acts Plaintiff is entitled to and hereby sues for exemplary or punitive damages in an amount within the jurisdictional limits of this honorable court as found appropriate by the trier of fact.

Furthermore, Plaintiff asserts that the acts and/or omissions, breach of contract, violations of the Texas Insurance Code and/or Texas Deceptive Trade Practices-Consumer Protection Act, of and/or by the Defendant INSURANCE COMPANY alleged herein constitute gross negligence and/or gross conduct and that same was done or failed to be done in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of others, and/or that the same was done knowingly. Therefore, Plaintiff sues for punitive or exemplary damages in an amount within the court's jurisdictional limits.

Although a contract of insurance existed between Plaintiff &PL1-LASTNAME& and Defendant INSURANCE COMPANY, Defendant INSURANCE COMPANY denied coverage under said contract and INSURANCE COMPANY knew it had no reasonable basis for denying coverage under said policy or in the alternative, IN-SURANCE COMPANY failed to inform Plaintiff &PL1-LASTNAME& whether there was any reasonable basis for the denial of coverage under the policy of insurance.

Defendant INSURANCE COMPANY's aforesaid conduct is in breach of its duty of good faith and fair dealing; therefore, calling for the imposition of punitive damages.

## XXIV.
## ATTORNEY'S FEES

Plaintiff is entitled to recover her reasonable  attorney's fees necessary for the

prosecution of her claims herein, expert witness fees, together with pre-judgment and post-judgment interest and costs of court.

Plaintiff was compelled to employ an attorney to bring this action against defendant for the reasons presented in the above-entitled cause, and for that purpose Plaintiff has retained the services of the law firm of HUGO XAVIER DE LOS SANTOS, ATTORNEY AT LAW, of the City of San Antonio, Bexar County, Texas, and has agreed to pay a reasonable fee for such legal services.

Plaintiff is entitled to recover reasonable and necessary attorney's fees equal to at least forty-five percent (45%) of the total damages awarded by the jury to the Plaintiffs in this case as attorney's fees through the trial of this action. In the alternative, Plaintiff is entitled to recover her reasonable attorney's fees for the necessary services provided by her counsel through a trial on the merits of this action, taking the customary rate and adding a factor for the additional risk involved in Plaintiff's counsel undertaking Plaintiff's representation on a contingency fee basis.

Additionally, Plaintiff is entitled to recover attorney's fees through the appellate courts at all stages.

## XXV.
## PRAYER – CLAIM FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff PEARL DYANE VILLARREAL prays, demands and requests that the Defendant INSURANCE COMPANY be duly cited to appear and answer herein, and that upon a final trial of this cause on the merits, Plaintiff PEARL DYANE VILLARREAL have and recover:

1. Judgment against Defendant INSURANCE COMPANY for Plaintiff's damages in an amount within the jurisdictional limits of this court;

2. The amount equal to the statutory penalty for Defendant INSURANCE COMPANY's failure to comply with the prompt payment provisions of Article 21.55 of the Insurance Code;

3.  Treble damages as provided or allowed by law;

4.  Punitive or exemplary damages;

5.  Prejudgment and postjudgment interest as provided by law;

6.  A reasonable sum for attorney's fees, as found by the trier of fact, with conditional sums for the services of Plain- tiff's attorney in the event of subsequent appeals;

7.  Costs of suit; and

8.  Such other and further relief, at law or in equity, as the Court finds proper.

Respectfully submitted,

**HUGO XAVIER DE LOS SANTOS**
*Attorney at Law*

Date:  August 29, 2003

By:

HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Texas Bar Identification #05653300

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas   78213
(210) 736-4227        FAX# (210) 737-1556

Attorney for PEARL DYANE VILLARREAL, Plaintiff

*****************************************************************************

CAUSE NO. 2003-09-5124-G

| PEARL DYANE VILLARREAL | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 404th JUDICIAL DISTRICT |
| | § | |
| HARTFORD FIRE INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, HARTFORD FIRE INSURANCE COMPANY, and hereby makes and files this their Original Answer to Plaintiff's Original Petition, and in support hereof would show the Court as follows:

### I.

### GENERAL DENIAL

Your Defendant denies each and every, all and singular, the allegations in Plaintiff's Original Petition, and says that they are not true, in whole or in part, and demands strict proof thereof on the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Defendant HARTFORD FIRE INSURANCE COMPANY respectfully prays that Plaintiff take nothing from this Defendant and that the Court enter a judgment dismissing all claims against this Defendant with prejudice and awarding all costs of court and expenses incurred herein, and for such other and further relief, at law and in equity, general or special, to which this Defendant might show itself to be justly entitled to receive.



HODGE & JAMES. L.L.P.
Attorneys and Counselors at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile: (956) 425-7707

_____

Anthony B. James
State Bar No. 10537300

Lisa M. Crouch
State Bar No. 06571040

Attorneys for Defendant, HARTFORD FIRE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing, Defendant's Original Answer, has been served on the 31st day of October, 2003, to all attorneys of record as follows:

VIA CMRRR#7001 1940 0002 7455 1677
Hugo Xavier De Los Santos
Attorney at Law
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213

_____

Anthony B. James

EXHIBIT C
ORDERS SIGNED BY STATE JUDGE
(None)



RUN DATE 11/06/03
RUN TIME 3:46 PM

**CERTIFIED COPY**

PAGE: 01

2003-09-004521-G

PEARL DYANE VILLARREAL

VS

HARTFORD FIRE INSURANCE COMPANY

*   *   *   C L E R K ' S   E N T R I E S   *   *   *

00155001                                                          (10)                    09      08    03
HON. HUGO XAVIER DE LOS SANTOS
6800 PARK TEN BLVD., STE 123-N
SAN ANTONIO TEXAS   78213 0000

00306602                                                      NEGLIGENCE
HON. ANTHONY B. JAMES
134 E VAN BUREN ST, STE. 310
HARLINGEN, TX   78550 0000

09/08/03  ORIGINAL PETITION FILED
09/08/03  PLAINTIFF'S REQUEST FOR PROCESS FROM
          THE DISTRICT CLERK'S
          OFFICE & PLAINTIFF'S REQUEST FOR
09/08/03  ISSUANCE OF CITATION(S)
09/11/03  CITATION: HARTFORD FIRE INSURANCE
          COMPANY
          SERVED:
09/11/03  ORIGINAL ANSWER: HARTFORD FIRE
10/31/03  INSURANCE COMPANY
          INSURANCE COMPANY

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____ DEPUTY

**EXHIBIT**
2

EXHIBIT E
INDEX OF MATTERS BEING FILED

1.    Civil Cover Sheet

2.    Notice of Removal

3.    Exhibit A      All Executed Process
      Exhibit B      Pleadings
      Exhibit C      Orders Signed by State Judge (None)
      Exhibit D      Docket Sheet
      Exhibit E      Index of Matters Being Filed
      Exhibit F      Counsel
      Exhibit G      Affidavit
      Exhibit G-1    Letter from Plaintiff's Counsel

EXHIBIT

tabbies    E

EXHIBIT F
COUNSEL

ATTORNEY FOR PLAINTIFF

Mr. Hugo Xavier De Los Santos
State Bar No. 05653300
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213
Telephone: (210) 736-4227
Facsimile: (210) 737-1556

ATTORNEY FOR DEFENDANTS

Hartford Fire Insurance Company:

Anthony B. James
State Bar No. 10537300
Lisa M. Crouch
State Bar No. 06571040
HODGE & JAMES, L.L.P.
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707



THE STATE OF TEXAS          §
                            §
COUNTY OF Cameron           §

Before me, the undersigned authority, personally appeared Anthony B. James, who, being by me duly sworn, deposed as follows:

I hereby state that as counsel for Hartford Fire Insurance Company, I received from Plaintiff's counsel, Mr. Hugo Xavier De Los Santos, the letter attached to this affidavit and Defendant's Notice of Removal as Exhibit G-1. The letter is dated November 3, 2003 and contains an evaluation of Plaintiff's alleged damages. As set forth in the letter, Plaintiff's counsel states Plaintiff's actual damages and attorney fees total $104,587.43. The letter further states this sum does not include mental anguish, punitive damages or treble damages.

Exhibit G-1 (the letter) is a true and correct copy of the letter that I received from Hugo Xavier De Los Santos.



_____
Affiant

SWORN TO AND SUBSCRIBED before me on the __7th__ day of __November__, 2003.



EDNA L. CAVAZOS
Notary Public
STATE OF TEXAS
My Comm Exp 03-09-2005

_Edna L. Cavazos_
Notary Public, State of Texas

My commission expires: 03-09-05

EXHIBIT

G



# HUGO XAVIER DE LOS SANTOS
*Attorney at Law*

*Certified Public Accountant*


CPA

6800 Park Ten Boulevard, Suite 123 N
San Antonio, Texas 78213
(210) 736-4227 • (210) 737-1556 Fax

Rio Grande Valley Office
229 South Texas Avenue, Suite 1000
Mercedes, Texas 78570 • (956) 565-0007

*November 3, 2003*

*Mr. Anthony B. James, Esq.*
*Hodge, James & Hernandez, LLP*
*134 E. Van Buren, Suite 310*
*Harlingen, Texas 78550-6807*

*Re: Pearl Dyane Villarreal v. Hartford Fire Insurance Company*

    *Cause No. 2003-09-004524-G, 404th Judicial District Court,*
    *Cameron County, Texas*

    *Our File No.: 83028.04001*

*Dear Mr. James:*

*Thank you for your telephone call last week. I have passed on to my clients the apologies you extended to me on behalf of your client for the unreasonable delay of this claim by your insurance company client and its omission to get this claim paid promptly. Moreover, as you requested, I have obtained authority to enter into settlement negotiations with you at the outset of this case before litigation costs are incurred.*

*I am writing this letter to you to make a final, good faith attempt to settle this action before further proceedings are conducted in the above referenced action. Accordingly, all statements made in this letter are made in the interests of pursuing a compromise and settlement of my client's claims and are subject to the provisions of Rule 408, Texas Rules of Civil Procedure.*

*From our investigation of this case, we feel that there is a very substantial probability a verdict for our client in this case would far exceed the sum of THREE HUNDRED THIRTEEN THOUSAND SEVEN HUNDRED SIXTY-TWO and 28/100's UNITED STATES DOLLARS ($313,762.28). This opinion is based on the following summary evaluation of my client's case against your insurance company client, for: (a) its violation of its duty of good faith and faith dealing; (b) its violation of article 21.21 of the Texas Insurance Code, including, without limitation, the provisions providing for the award of treble damages and attorney's fees;*

*Page #1 of 3*



**EXHIBIT**
**G-1**

HUGO XAVIER DE LOS SANTOS, ATTORNEY AT LAW

November 3, 2003, Letter Addressed to Mr. James:

(c) its violation of article 21.55 of the Texas Insurance Code, including, without limitation, the provisions providing for the award of treble damages and attorney's fees; and (d) callous treatment and low ball evaluation of my client's injuries:

| Damages: | | |
|---|---|---|
| -- Scar to Pearl's Face | | $40,000.00 |
| -- Back Injury | | 10,000.00 |
| Bodily Injury Damages | | $50,000.00 |
| Accrued Interest | | |
| 2000 | $5,000.00 | |
| 2001 | 5,500.00 | |
| 2002 | 6,050.00 | |
| 2003 | 5,579.26 | 22,129.26 |
| | | $72,129.26 |
| Attorney's Fees | | 32,458.17 @ 45.000% |
| Actual Damages and Attorney's Fees | | $104,587.43 |
| Treble Damages and Attorney's Fees | | $313,762.28 |

This evaluation does not take into consideration punitive damages, nor the mental anguish damages that Hartford caused Ms. Villarreal to suffer by unreasonably delaying the payment of her claim.

In the interests of avoiding further, continued, protracted and costly litigation together with the inevitable necessity of the further delays associated therewith, our client has authorized us to settle this case for $60,000.00, plus costs of court. This settlement shall have no effect on our client's claims against any other party, whether such party is a party to this case or not. Thus, on behalf of our client, I hereby propose that your client pay our client directly through these offices the certain sum total of SIXTY THOUSAND and NO/100's UNITED STATES DOLLARS ($60,000.00), plus costs of court. Upon payment of the funds, our client is to execute a release and all documentation for a dismissal with prejudice of the pending lawsuit with respect to the claims made against your client. This most reasonable offer of settlement expires on the close of business on Friday, November 7, 2003.

I urge you to confer with your un-/under-insured motorists liability insurer to seriously consider this opportunity to make a fair settlement, which is extremely reasonable especially in light of the great amount of damages sustained by my client, and

Page #2 of 3

HUGO XAVIER DE LOS SANTOS, ATTORNEY AT LAW

November 3, 2003, Letter Addressed to Mr. Dames:

the life-long, permanent injuries suffered by my client. Please explain to your client that this will be final, last opportunity it will have to settle this claim for such a low amount. Once we have proceeded with the prosecution of the litigation, I will not recommend to my client that she accept a settlement by which she is not fully compensated for the damages and litigations costs she is entitled to recover by law.

Thank you for your kind attention to this matter. If you have any questions or would like to discuss this offer of settlement or any reasonable, good faith, counterproposals your client may wish to extend, or if you believe that mediation may help resolve this matter, please feel free to call me.

I await your client's immediate and reasonable acceptance of the generous offer made herein.

Very truly yours,

**HUGO XAVIER DE LOS SANTOS**
**Attorney at Law**

By:

HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.

Attorney for PEARL DYANE VILLARREAL, Plaintiff

HXDLS /
cc: Ms. Pearl Dyane Villarreal

**** SENT VIA FACSIMILE TO (956) 425-7707 ****

Page #3 of 3