United States District Court
Southern District of Texas
FILED

FEB 1 2 2004

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

PEARL DYANE VILLARREAL, § 
        Plaintiff §    Civil Action
§
v. §    No. B-03-205
§
HARTFORD FIRE INSURANCE COMPANY, §
        Defendant §

---

PLAINTIFF'S PROPOSED
JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE

---

*Please restate the instruction before furnishing the information.*

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    *Plaintiff*:
    On November 17, 2003, plaintiff's undersigned counsel sent a letter to Defendant's counsel. A copy of this letter is attached hereto as Exhibit "1". The undersigned called lead defense counsel twice on November 17th, and again on November 19, 2003, November 20, 2003, November 26, 2003 and December 8, 2003. On January 21, 2004, the undersigned spoke with defense counsel's associate and it was agreed that counsel would call each other on the 22nd to discuss the proposed Rule 26 discovery control plan. On January 22, 2004, the undersigned received calls from defense counsel, but due to pre-trial preparations and an unexpected, family medical situation, the undersigned was unable to return the calls until toward the end of the day; however, defense counsel had already left for the day. On the 23rd of January, 2004, the undersigned called defense counsel. Defense counsel's associate was not in and the undersigned spoke with defense counsel's secretary and left word, asking for defense counsel to call the undersigned. On January 28, 2004, at 7:18 p.m., the undersigned called and left a message for defense counsel, noting that the undersigned was trying a jury case in state district court. The jury trial started Tuesday, January 27, 2004, and concluded on Tuesday, February 3, 2004.

    *Defendant*:
    Defendant sent two letters to Plaintiffs counsel. Both letters are attached (to Defendant's Propsoed Plan) as Exhibits "A" and "B". Plaintiff's counsel called Defendant's counsel on January 21st, and stated he would call back on January 22nd to discuss the proposal or for Defendant's counsel to call him on January 22nd. Defendant's counsel called twice but neither message was

Case 1:03-cv-00205    Document 7    Filed in TXSD on 02/12/2004    Page 2 of 15

JOINT DISCOVERY/CASE MGT PLAN                    Case No. B-03-205

returned. Plaintiff's counsel did not call as of the time this document was filed.

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

    *Plaintiff*:
    Except for the state district court action from whence this action was removed, there are no other pending state or federal court cases related to the case at bar.

    *Defendant*:
    None.

3.    Specify the allegation of federal jurisdiction.

    *Plaintiff*:
    Defendant removed this case claiming diversity jurisdiction.

    *Defendant*:
    Defendant removed this case based on diversity jurisdiction.

4.    Name the parties who disagree and the reasons.

    *Plaintiff*:
    Plaintiff disagrees with the defendant's assertion of jurisdiction.

    In a nutshell, Plaintiff bases her disagreement on the grounds that it is not clear from the four corners of the plaintiff's state court petition that the requirements of diversity jurisdiction have been met. For example, no where in the plaintiff's petition is it alleged that the damages or amount in controversy exceed $75,000.00. The case at bar is a suit against the plaintiff's un-/under-insured motorists insurer, based on a policy of insurance that has applicable coverage limits of $25,000.00 per person. Defendant's notice of removal wrongfully attempts to use settlement negotiations as evidence of the amount in controversy, ignoring the fact that the contractual claims will be tried first and foremost, and that as a matter of law, the contract damages are based on the policy's specified coverage amount, which in the case at bar is $25,000.00. Defendant also failed to show the court that it had offered $14,000.00 to settle the plaintiff's claims, and that on October 22, 2003, plaintiff offered to accept the total sum of $35,000.00 ($25,000.00 + attorney's fees of $10,000.00) to settle her claims.

    In addition, plaintiff challenges the defendant's contention that defendant is a citizen of a different state. Nowhere in the notice or petition of removal does the defendant set forth sufficient facts from which this issue may be resolved in defendant's favor. The defendant has the burden of proof and must persuade the court by a preponderance of the evidence that it was not a citizen of the State of Texas when it filed its removal petition, for purposes of answering the question of whether or not there is diversity of citizenship.

83028.U4001:021004:HXDLS                              Page #2 of 9

<u>JOINT DISCOVERY/CASE MGT PLAN</u>                    <u>Case No. B-03-205</u>

Hartford Fire Insurance Company's [Hartford] notice of removal does not address at least one of the ways in which a company can be held to be a citizen of a particular state. Specifically, the proffer fails to establish that Hartford conducts a larger volume of business in Connecticut than it does in Texas. The Fifth Circuit has generally held that the state having the largest volume of a corporation's operations is the corporation's principal place of business, even though another state had the highest number of the corporation's top executives and/or corporate office. <u>Danos v. Waterford Oil Co.</u>, 351 F.2d 940 (5th Cir. 1965); <u>Anniston Soil Pipe Co. v. Central Foundry Co.</u>, 216 F.Supp. 473 (DC Ala, 1963), aff'd. 329 F.2d 313 (5th Cir.); <u>see also Foster v. Midland Valley R. Co.</u>, 245 F.Supp. 60 (1965, DC Okla).

Plaintiff has this day filed a motion to remand this action for lack of jurisdiction. The court is respectfully referred to the plaintiff's said motion, and is respectfully requested to take judicial notice of same.

<u>*Defendant*</u>:
No motion to remand was filed.

5.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

     <u>*Plaintiff*</u> and <u>*Defendant*</u>:
     None.

6.   List anticipated interventions.

     <u>*Plaintiff*</u> and <u>*Defendant*</u>:
     None.

7.   Describe class-action issues.

     <u>*Plaintiff*</u> and <u>*Defendant*</u>:
     None.

8.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

     <u>*Plaintiff*</u>:
     Prior to filing suit, plaintiff provided the defendant with information and documentation that would satisfy the Rule 26(a), Fed.R.Civ.P., disclosure requirements. Plaintiff also agrees to serve a formal written, signed and served disclosure with such additional or further Rule 26 disclosures of any additional materials or documents obtained during the interim time, within fourteen (14) days after the Rule 26(f) conference.

JOINT DISCOVERY/CASE MGT PLAN                    Case No. B-03-205

*Defendant*:
Defendant agrees to exchange Rule 26 disclosures within 14 days after the Rule 26f conference and prior to the initial scheduling conference.

9.   Describe the proposed agreed discovery plan, including:
     A.   Responses to all the matters raised in Rule 26(f).

          *Plaintiff*:
          At the time service of process was achieved in this action, pursuant to Rule 194, Tex.R.Civ.P., Plaintiff served the Defendant with a request for disclosure.   Plaintiff seeks to have defendant make discovery pursuant to the said request for disclosure in addition to the disclosures required by Rule 26, Fed.R.Civ.P.  To the date hereof, defendant has not answered or otherwise responded to the plaintiff's state court Rule 194, Request for Disclosure.  The due date pursuant to the state rules for the defendant's said responses was December 2, 2003, fifty days after the date of service (October 13, 2003).

          *Defendant*:
          At this time, Defendant is not requesting any changes.

     B.   When and to whom the plaintiff anticipates it may send interrogatories.

          The Plaintiff anticipates sending interrogatories to Defendant within the next forty-five (45) days.  Plaintiff heretofore served defendant with a state court request for disclosure and requests that the defendant be required to respond to same.  To the date hereof, defendant has not answered or otherwise responded to the plaintiff's state court Rule 194, Request for Disclosure.  The due date pursuant to the state rules for the defendant's said responses was December 2, 2003, fifty days after the date of service (October 13, 2003).

     C.   When and to whom the defendant anticipates it may send interrogatories.

          The Defendant anticipates sending discovery to Plaintiff within the next 45 days.

     D.   Of whom and by when the plaintiff anticipates taking oral depositions.

          Plaintiff presently anticipates taking the oral depositions of the following persons:

          i.     HARTFORD FIRE INSURANCE COMPANY, corporate representative and custodian of records;
          ii.    Tope Tausch, adjuster for Hartford Insurance;
          iii.   Sarah Vargas, adjuster for Hartford Insurance;
          iv.    Patty Kilkline, adjuster for Hartford Insurance;
          v.     Mike Paxton, adjuster for Hartford Insurance;
          vi.    Farmers Insurance and Joel Galarza, adjuster for Farmers;

    vii.      Simon Rocha, adjuster with GAB Robins North America, Inc. of Harlingen, Texas;

    viii.     Joey Frausto, driver;

    ix.      Ramiro Ochoa, owner/driver;

    x.       investigating police officer;

    xi.      Oscar Garcia, insurance expert;

    xii.     Apolonio Villarreal, insurance expert;

    xiii.    three or so physicians -- medical experts;

    xiv.    an economist/damages expert; and

    xv.     an attorney on attorney's fees.

**Plaintiff proposes to take these depositions during the next ninety (90) to two hundred ten (210) days.**

E.    Of whom and by when the defendant anticipates taking oral depositions.

**The Defendant anticipates taking oral depositions within the next 90 - 120 days.**

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

*Plaintiff*:
**The Plaintiff anticipates designating any experts within one hundred fifty (150) days.**

*Defendant*:
**The Defendant anticipates designating any experts within 150 days.**

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates deposing experts within two hundred ten (210) days. Plaintiff notes, however, that the scheduling of these depositions may require additional time of more than a year. Presently, plaintiff may depose the following potential experts:**

    i.       Tope Tausch, insurance;

    ii.      Sarah Vargas, insurance;

    iii.     Patty Kilkline, insurance;

    iv.     Mike Paxton, insurance;

    v.       Joel Galarza, insurance;

    vi.      Simon Rocha, insurance;

    vii.     investigating police officer;

    viii.    Oscar Garcia, insurance expert;

    ix.      Apolonio Villarreal, insurance expert;

      x.       three or so physicians -- medical & damages experts;
      xi.     an economist/damages expert; and
      xii.    an attorney on attorney's fees and/or insurance claims law.

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Defendant anticipates deposing experts within 180 days.**

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

*Plaintiff:*
**and** *Defendant:*
The parties have not conferred on the details of the discovery plan; however, based on the submission of the defendant and the one submitted by the plaintiff herein, it is anticipated that there is no dispute that can not be resolved.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

*Plaintiff:*
None, except that Plaintiff served defendant with a state court request for disclosure and requests that the defendant be required to respond to same. To the date hereof, defendant has not answered or otherwise responded to the plaintiff's state court Rule 194, Request for Disclosure. The due date pursuant to the state rules for the defendant's said responses was December 2, 2003, fifty days after the date of service (October 13, 2003).

*Defendant:*
Defendant is not aware of Plaintiff's position on the plan.

12.    State the date the planned discovery can reasonably be completed.

*Plaintiff:*
December, 2004 to March, 2005.

*Defendant:*
180 days.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

*Plaintiff:*
Plaintiff agrees to continue settlement negotiations.

*Defendant:*
Defendant agrees to continue to discuss a settlement or resolution of this case.

JOINT DISCOVERY/CASE MGT PLAN                    Case No. B-03-205

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

    *Plaintiff*:
    Prior to and since filing suit, Plaintiff has sought to negotiate a settlement of her claims against the defendant.  Plaintiff, by and through her undersigned legal counsel, has sent numerous settlement demand and offer letters to the defendant.  Plaintiff, by and through her undersigned legal counsel, has also made and placed numerous telephone calls to the defendant in an effort to resolve the claim.    Plaintiff agrees to communicate with Defendant through its attorneys regarding a resolution of this case.

    *Defendant*:
    Defendant agrees to communicate with Plaintiff through her attorney regarding a resolution of this case.

15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    *Plaintiff*:
    Mediation may be effectively used in this case.

    *Defendant*:
    Mediation may be effectively used in this case.

16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    *Plaintiff*:
    Plaintiff agrees with Defendant's preference.

    *Defendant*:
    Defendant prefers a trial before a U.S. District Judge.

17.    State whether a jury demand has been made and if it was made on time.

    *Plaintiff* and *Defendant*:
    A jury demand was timely made.

18.    Specify the number of hours it will take to present the evidence in this case.

    *Plaintiff*:
    About twenty-eight (28) to thirty (30) or so hours.

    *Defendant*:
    Two days.

19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

83028.U4001:021004:HXDLS                                    Page #7 of 9

JOINT DISCOVERY/CASE MGT PLAN                    Case No. B-03-205

*Plaintiff* and *Defendant*:
None, except for Plaintiff's Motion to Remand this action to the state court
from whence it came.

20.    List other motions pending.

*Plaintiff*:
Plaintiff's Motion to Remand.

*Defendant*:
None.

21.    Indicate other matters peculiar to this case, including discovery, that deserve
the special attention of the court at the conference.

*Plaintiff* and *Defendant*:
None.

22.    List the names, bar numbers, addresses and telephone numbers of all counsel.

*Counsel for Plaintiff*:

**HUGO XAVIER DE LOS SANTOS**
Texas Bar Identification #05653300
U.S. Southern District Identification Number 11259

**HUGO XAVIER DE LOS SANTOS**
*Attorneys at Law & C.P.A.*
6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas 78213
TEL#: (210) 736-4227
FAX#: (210) 737-1556

*Counsel for Defendant*:

**ANTHONY B. JAMES**
Federal I.D. No. 3785

**LISA M. CROUCH**
Federal I.D. No. 15307

**HODGE, JAMES & GARZA L.L.P.**
134 Last Van Buren Street, Suite 310
Harlingen, Texas 78550
Tel: (956) 425-7400
Fax: (956) 425-7707

JOINT DISCOVERY/CASE MGT PLAN                    Case No. B-03-205

    **APPROVED** and **DONE** at Brownsville, Texas, and **SIGNED** and **DELIVERED FOR ENTRY** on this _____ day of February, 2004.



                    HON. ANDREW S. HANEN
                    U.S. DISTRICT JUDGE PRESIDING


Approved as to FORM ONLY:        Approved as to FORM ONLY:

*HUGO XAVIER DE LOS SANTOS*   *HODGE, JAMES & GARZA*
*Attorneys at Law*             *Attorneys at Law*



HUGO XAVIER DE LOS SANTOS    ANTHONY B. JAMES

cc: Mr. Anthony B. James

cc: Ms. Lisa M. Crouch

cc: Mr. Hugo Xavier de los Santos

*****************************************************************************

83028.U4001:021004:HXDLS           Page #9 of 9

JOINT DISCOVERY/CASE MGT PLAN                    Case No. B-03-205

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **PEARL DYANE VILLARREAL,**<br>**Plaintiff** | § | **Civil Action** |
| **v.** | § | **No. B-03-205** |
| **HARTFORD FIRE INSURANCE COMPANY,**<br>**Defendant** | § | |

PLAINTIFF'S PROPOSED
JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE

# EXHIBIT "1"

*Plaintiff's Counsel's November 17, 2003,*
*Letter to Defendant's Counsel*

# HUGO XAVIER DE LOS SANTOS
## ATTORNEY AT LAW
### 6800 PARK TEN BOULEVARD
### SUITE 123N
### SAN ANTONIO, TEXAS 78213
### (210) 736-4227



November 17, 2003

Mr. Anthony B. James, Esq.
134 E. Van Buren, Suite 310
Harlingen, Texas 78550-6807

Re:  Pearl Dyane Villarreal v. Hartford Fire Insurance Company

     Cause No. 2003-09-004524-G, 404th Judicial District Court,
     Cameron County, Texas

     Our File No.:  83028.U4001

Dear Mr. James:

I have been trying to reach you to discuss the above referenced
case.  During our last settlement talks, you were going to speak
with your client about either accepting my client's last
written demand or making a counteroffer.  Tony, unfortunately,
the lapse of time only serves to diminish my client's interest
in settling this case.  Please let me have your client's accept-
ance or reasonable counterproposal as soon as possible.

In addition, I note that you have sought to remove this case to
federal court.  Please let me know when you can be available for
the purpose of having a Rule 26, Fed.R.Civ.P., conference at my
offices in San Antonio.  Also, please let me know when you would
like to make your initial, Rule 26, Fed.R.Civ.P., disclosures.

I look forward to hearing from you soon.

Very truly yours,

HUGO XAVIER DE LOS SANTOS
Attorney at Law

By: _____
    HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Attorney for PEARL D. VILLARREAL, Plaintiff

HXDLS /
cc:  Ms. Pearl Dyane Villarreal


**** SENT VIA FACSIMILE TO (956) 425-7707 ****

# HUGO XAVIER DE LOS SANTOS
### Attorney at Law

6800 Park Ten Boulevard
Suite 123 N
San Antonio, Texas   78213
(210) 736-4227
(210) 737-1556 Facsimile

Rio Grande Valley Office:
229 South Texas Avenue
Suite 1000
Mercedes, Texas 78570
(956) 565-0007

## FACSIMILE COVER SHEET

Our Facsimile (FAX) Number is (210) 737-1556

**NUMBER OF PAGES**
**INCLUDING THIS PAGE:**    _1_

                **DATE:**  November 17, 2003

(Recipient)     **TO:**  Mr. Anthony B. James, Esq.

(Recipient)     **TO:**  Hodge, James & Hernandez, LLP

   **SENT TO FAX NO.:**  (956) 425-7707

              **RE:**  Pearl Dyane Villarreal _v_. Hartford Fire Insurance
Company

                   **Our File No.:**  83028.U4001

## *MEMO*:

See attached.

**CONFIDENTIALITY NOTICE:**  The documents accompanying this facsimile transaction / transmission contain CONFIDENTIAL INFORMATION which is LEGALLY PRIVILEGED. The information is intended ONLY for the use of the recipient(s) named above. If you have received this facsimile in error, please immediately notify us by telephone to arrange for return of the original documents you received to us. You are hereby NOTIFIED that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited.

In the event you did not receive the total number of the pages set forth above, please call us immediately at (210) 736-4227. Please note that our facsimile system produces confirmation reports concerning our facsimile transmissions and the receipt thereof by your system.
*******************************************************************************************************************************

TRANSMISSION VERIFICATION REPORT

```
TIME   : 11/17/2003 14:59
NAME   : DE LOS SANTOS LAW
FAX    : 2107361556
TEL    : 2107364227
SER.#  : BROF2J439428
```

```
DATE,TIME          11/17  14:58
FAX NO./NAME       19564257707
DURATION           00:00:32
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

# *HUGO XAVIER DE LOS SANTOS*
## *Attorney at Law*

6800 Park Ten Boulevard
Suite 123 N
San Antonio, Texas 78213
(210) 736-4227
(210) 737-1556 Facsimile

Rio Grande Valley Office:
229 South Texas Avenue
Suite 1000
Mercedes, Texas 78570
(956) 565-0007

# FACSIMILE COVER SHEET

Our Facsimile (FAX) Number is (210) 737-1556

**NUMBER OF PAGES
INCLUDING THIS PAGE:**

          **DATE:**  November 17, 2003

**(Recipient)**    **TO:**  Ms. Pearl Dyane Villarreal

**(Recipient)**    **ATTN.:**  Mr. Luis Villarreal

    **SENT TO FAX NO.:**  (956) 428-8615

             **RE:**  Pearl Dyane Villarreal v. Hartford Fire Insurance Company;

                 Personal Injuries Arising Out of the January 1, 2000, Motor Vehicle Accident

                 **Our File No.:** 83028.U4001
                 PRIVILEGED AND CONFIDENTIAL COMMUNICATION

# *MEMO:*

<u>See</u> attached.

---

**CONFIDENTIALITY NOTICE:** The documents accompanying this facsimile transaction / transmission contain CONFIDENTIAL INFORMATION which is LEGALLY PRIVILEGED. The information is intended ONLY for the use of the recipient(s) named above. If you have received this facsimile in error, please immediately notify us by telephone to arrange for return of the original documents you received to us. You are hereby NOTIFIED that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited.

In the event you did not receive the total number of the pages set forth above, please call us immediately at (210) 736-4227. Please note that our facsimile system produces confirmation reports concerning our facsimile transmissions and the receipt thereof by your system.
*************************************************************************************************************************

TRANSMISSION VERIFICATION REPORT

```
                                  TIME  : 11/17/2003 15:00
                                  NAME  : DE LOS SANTOS LAW
                                  FAX   : 2107361555
                                  TEL   : 2107364227
                                  SER.# : BROF2J439428
```

```
        DATE,TIME            11/17  15:00
        FAX NO./NAME         19564288615
        DURATION             00:00:38
        PAGE(S)              02
        RESULT               OK
        MODE                 STANDARD
                             ECM
```