United States District Court
Southern District of Texas
FILED

FEB 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PEARL DYANE VILLARREAL,
                    Plaintiff

        v.

HARTFORD FIRE INSURANCE COMPANY,
                    Defendant

§
§
§
§
§
§
§
§
§

Civil Action

No. B-03-205

---

## PLAINTIFF'S RESPONSE & OPPOSITION TO DEFENDANT'S NOTICE/PETITION OF REMOVAL AND PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION

---

**TO THE HONORABLE ANDREW S. HANEN, U.S. DISTRICT JUDGE:**

1.      Now comes, Plaintiff PEARL DYANE VILLARREAL,  and files, makes and presents this response to defendant HARTFORD FIRE INSURANCE COMPANY [hereinafter referred to as "HARTFORD INSURANCE CO."] Notice of (Petition for) Removal, which the undersigned counsel for plaintiff received in November, 2003, and moves this Court for an order remanding this case to the 404th Judicial District Court of Cameron County, Texas, from whence it came, on the grounds that the above-entitled action was improperly removed hereto, and is not within the jurisdiction of this court.  In support whereof, plaintiff would respectfully show as follows:

## RESPONSE TO NOTICE OF (PETITION FOR) REMOVAL

2.      Plaintiff admits that this action was commenced on the date alleged in paragraph 1 of the Petition of Removal, except that the date of filing of this action was

Case No. B-03-205

August 29, 2003, and not September 8, 2003.[1]   Rule 5, Tex.R.Civ.P.; <u>Stokes v. Aberdeen Ins. Co.</u>, 917 S.W.2d 267, 268 (Tex. 1996); <u>Milam v. Miller</u>, 891 S.W.2d 1, 2 (Tex.App.--Amarillo 1994, writ ref'd).

  3.    Plaintiff admits that defendant HARTFORD FIRE INSURANCE COMPANY was served with the state court issued citation and petition, and with the

9.    Plaintiff denies the allegations contained in paragraph 5 of HARTFORD's Petition of Removal in that it is not apparent on the face of plaintiff's original petition filed in this action that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.  Plaintiff, however, admits that she is a citizen of the state of Texas.

10.    Plaintiff objects to paragraph 6 of the Defendant's Notice of Removal, for it is an improper and disingenuous attempt to establish the amount in controversy in this case.

### MOTION FOR REMAND

11.    <u>Direct Action Against Insurer</u>.    Defendant HARTFORD INSURANCE CO. is an insurer.  The plaintiff's action in this case is a direct action against the issuer of a policy or contract of insurance.  Plaintiff PEARL DYANE VILLARREAL was an insured to whom defendant HARTFORD INSURANCE CO. issued and provided un-/under-insured motorists insurance benefits pursuant to a policy issued by defendant HARTFORD INSURANCE CO. for which it collected premiums from plaintiff PEARL DYANE VILLARREAL.  For this reason alone, this action should be remanded to the state court from whence it came, since Section 1332(c)(1) of Title 28, U.S.C., specifically provides, in pertinent part, that "in any direct action against the insurer of a policy or contract of liability insurance ..., such insurer shall be deemed a citizen of the State of which the insured is a citizen".

12.    <u>Matter in Controversy Not More than $75,000.00 and Not Plead in Plaintiff's Pleadings as Being More Than $75,000.00</u>.  The subject policy of insurance issued by defendant HARTFORD INSURANCE CO., provided, <u>inter alia</u>, un-/under-insured motorists benefits to the plaintiff PEARL DYANE VILLARREAL in the maximum amount of $25,000.00 per person per accident.  Therefore, the amount in

controversy in this case is the policy limits of $25,000.00. The said amount in contro-versy is less than the statutory minimum required to vest this honorable court with diversity jurisdiction. 28 U.S.C.S. §1332(a). For this reason alone, this action should be remanded to the state court from whence it came.

13.    Furthermore, nowhere in plaintiff's pleadings does plaintiff specifically allege or assert a claim for damages exceeding $75,000.00. For this reason alone, this action should be remanded to the state court from whence it came. 28 U.S.C.S. §1332(a).

14.    Defendant's use of settlement negotiations in an attempt to vest jurisdiction is disingenuous at best and is also contrary to the public policy of the state of Texas.

15.    Defendant failed to disclose to the court that the plaintiff had offered to accept the sum of $35,000.00 ($25,000.00 for the claim, plus $10,000.00 [40%] for attorney's fees) on October 22, 2003.[2] Moreover, the defendant fails to advise the court that it offered $14,000.00 to settle the plaintiff's claims.[3] If settlement were a viable gauge of the actual amount in controversy, these figures should be taken into consideration into determining the amount in controversy of the case. Plaintiff, howev-er, does not agree that such settlement talks or negotiations are determinative nor does plaintiff agree that the settlement figures noted by the defendant should even be consid-ered by the court.

--------------------

2.    See Exhibit "2" (October 22, 2003, letter authored by the plaintiff's counsel which was sent to the defendant) attached hereto and incorporated herein by reference.

3.    See Exhibits "3" and "4" (October 22, 2003, and October 24, 2003, letters authored by the defendant sent to plaintiff's counsel in which defendant states that this "case ... is does not possess a value over the [$25,000.00 policy] limits", which are attached hereto and incorporated herein by reference.

16.    Public policy in Texas favors and encourages settlements.  Settlement agreements are highly favored in the law because they are a means of amicably resolving doubts and preventing lawsuits.  In Texas, there are important public policies which support settlements.   These policies include discouraging costly litigation, promoting peace and harmony in society, easing the burden on the courts, avoiding the uncertainty in submitting a contested issue or dispute to a jury, and finally in buying peace.  Miller v. Republic Nat. Life Ins. Co., 559 F.2d 426, 428 (5th Cir. 1977), *rehearing denied* 564 F.2d 97 (5th Cir. 1977) and Republic Nat. Life Ins. Co. v. Sussman, 564 F.2d 98 (5th Cir. 1977); Olivas v. State Farm Mut. Auto. Ins. Co., 850 S.W.2d 564, 567 (Tex.Civ.App.--El Paso 1993, writ denied).

17.    The law in Texas is also well settled that "[t]he amount of a settlement does not define the extent of damages."  Leal v. Northwestern Nat. County Mut., 846 S.W.2d 576 (Tex.Civ.App.-- Austin 1993, no writ).   "[C]oncessions may be made to buy one's peace, without reflecting the true value of the claim."  Olivas, 850 S.W.2d 564, 567.  The Courts in Texas have made it clear that "settlements are often made for reasons which have little to do with the amount of damages sustained by the injured party.  Certainly, that is true where liability is questionable, or there are only minimum coverage limits or where trial may be delayed for several years."  Ibid.; see Rule 408, Federal Rules of Civil Procedure.

18.    Therefore, since the amount of a settlement or the offers made in settlement negotiations have "little to do with the amount of damages", then these amounts are not determinative of the actual amount in controversy in the case at bar.

19.    Cases like the case at bar in which un-/under-insured motorists claims are asserted together with bad faith and statutory violations are generally bifurcated such that the court must first try the contract damages claim prior to any of the extra-

contractual claims. This means that the court will try the issue of the other motorists negligence, and if the other motorist is found to be the negligent party, then coverage exists and the contract coverages are found to be in effect. The damages question is the amount of the plaintiff's injuries arising from the motor vehicle accident in this initial phase. Therefore, the amount in controversy, as a matter of contract law, is limited by the amount of the insurance contract coverage extended by the subject insurance policy. In this case, that amount is $25,000.00, which is far less than this honorable court's minimum jurisdictional limit for diversity jurisdiction purposes. Therefore, diversity jurisdiction is lacking in the case at bar, for the amount in controversy is not more than $75,000.00 as determined from the four corners of the plaintiff's live pleadings.

20. <u>No Diversity of Citizenship</u>. While defendant HARTFORD INSURANCE CO. may be a corporation organized under the laws of the State of Connecticut, defendant HARTFORD INSURANCE CO. maintains numerous insurance sales offices and claims offices throughout the State of Texas, including Cameron County and appears to have a nexus of operations in Texas. In fact, HARTFORD INSURANCE CO. maintains numerous office locations and claims offices throughout the state of Texas. In addition, the plaintiff's cause of action is based on acts or breaches of contract committed by HARTFORD, all of which were committed in Cameron County and/or Bexar County, Texas, at one of the several claims offices maintained by defendant HARTFORD INSURANCE CO. in the state of Texas.

21. Defendant HARTFORD INSURANCE CO., a substantial automobile insurance provider in the State of Texas, on information and belief, maintains an impressive presence of business, sales and claims offices located throughout most every area of the state of Texas, greatly outnumbering all of their offices located within the much smaller State of Connecticut. Furthermore, on information and belief, plaintiff

asserts that HARTFORD INSURANCE CO., in fact, has most of its operations and conducts more business in the state of Texas than in the state of Connecticut.

22.    Because defendant HARTFORD INSURANCE CO. generates a tremendous volume of business within the state of Texas and maintains a multitude of contacts with the general public via its numerous offices located throughout most every area of the state of Texas, defendant HARTFORD INSURANCE CO. maintains a principal place of business address in Texas, a state different from its state of incorporation.

Accordingly, defendant HARTFORD INSURANCE CO.'s principal place of business for purposes of this cause of action should be recognized by the court as being in Texas. For this reason, HARTFORD INSURANCE CO. is a citizen of the state of Texas for diversity purposes.

23.    Thus, complete diversity is lacking and jurisdiction lies in the State Court. Danos v. Waterford Oil Co., 351 F.2d 940 (5th Cir. 1965); Anniston Soil Pipe Co. v. Central Foundry Co., 216 F.Supp. 473 (DC Ala, 1963), aff'd. 329 F.2d 313 (5th Cir.); United Nuclear Corporation v. Moki Oil & Rare Metals Co., 364 F.2d 568, 6 ALR Fed 428 (10th Cir 1966), cert. den. 385 U.S. 960, 17 L.Ed.2d 306, 87 S.Ct. 393; Foster v. Midland Valley R. Co., 245 F.Supp. 60 (1965, DC Okla). Defendant HARTFORD INSURANCE CO. has itself, by, inter alia, its operations and sales of insurance, destroyed complete diversity and this Court is now denied jurisdiction and this case should be remanded to the Texas state Court. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69-70, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941) and Rock Island Millwork Co. & Wholesale Distributing Co. v. Hedges--Gough Lumber Co., Et. Al., 337 F.2d 24 (8th Cir. 1964); see also, Campbell v. Insurance Co. of North America, 552 F.2d 604 (5th Cir. [Tex.] 1977).

24.   <u>Multiple Grounds for Remand</u>.  Not only does this case require remand because the amount in controversy as can be ascertained from the four corners of plaintiff's pleadings fail to satisfy the statutory requirements of 28 U.S.C.S. §1332(a), the citizenship of the parties in this case is not completely diverse and this case involves a direct action by an insured against an insurer, to wit defendant HARTFORD INSURANCE CO.  28 U.S.C.S. §1332(c).

25.   <u>Remand Required by Statute</u>.  Plaintiff would show unto the Court that remand of this civil action is expressly provided for by an Act of Congress, expressly 28 U.S.C. Sections 1332(a), 1332(c)(1) and 1447(c)(1), the latter stating "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded...  The State court may thereupon proceed with such case".  Therefore, this case should for these additional reasons be remanded to the State Court for all further proceedings.  <u>City of Indianapolis v. Chase National Bank</u>, 314 U.S. 63, 69-70, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941) and <u>Rock Island Millwork Co. & Wholesale Distributing Co. v. Hedges--Gough Lumber Co., Et. Al.</u>, 337 F.2d 24 (8th Cir. 1964); <u>see also</u>, <u>Campbell v. Ins. Co. of North America</u>, 552 F.2d 604 (5th Cir. [Tex.] 1977).

26.   <u>Attorney's Fees</u>.  Plaintiff incurred reasonable and necessary attorney's fees in responding to HARTFORD INSURANCE CO.'s Petition of Removal and in seeking remand of this action, which was improvidently removed.  Plaintiff should be granted and awarded her attorney's fees in such amount as the court deems reasonable and necessary, and costs of court should be taxed against defendant HARTFORD.

27.   WHEREFORE, PREMISES CONSIDERED, plaintiff PEARL DYANE VILLARREAL prays that this Court deny the removal of this action and that the Court enter an order remanding this action to the 404th Judicial District Court of Cameron

PLAINTIFF'S MOTION TO REMAND                    Case No. B-03-205

County, Texas, awarding plaintiff her reasonable and necessary attorney's fees, and for

such other and further relief to which plaintiff may be justly or equitably entitled and/or

which the court deems appropriate.

Respectfully submitted,

### HUGO XAVIER DE LOS SANTOS
**Attorney at Law**

Date:  February 10, 2004

By:

HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Texas Bar Identification #05653300

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for PEARL DYANE VILLARREAL, Plaintiff

PLAINTIFF'S MOTION TO REMAND                    Case No. B-03-205

## CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for PEARL DYANE VILLARREAL, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of PLAINTIFF'S RESPONSE & OPPOSITION TO DEFENDANT'S NOTICE/PETITION OF REMOVAL AND PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION in a manner consistent with the TEX.R.CIV.P. on February 10, 2004.

Further, this is to certify that all service via mail was by certified mail, return receipt requested [RRR], by depositing this document in an official depository of the United States Postal Service after enclosing this document in a postpaid, properly addressed envelope.    In addition, all service by telephonic document transfer was accomplished before 5:00 o'clock p.m. on the aforesaid date.

*HARTFORD FIRE INSURANCE COMPANY*

c/o Mr. Anthony B. James, Esq.
Hodge, James & Garza, LLP
134 E. Van Buren St., Suite 310
Harlingen, Texas 78550

*Method*:          U.S. Certified Mail, Return Receipt Requested
                   USPS Postal Receipt #7003 2260 0004 6488 3904

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law*

By: _____
    HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
    Texas Bar Identification #05653300

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas   78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for PEARL DYANE VILLARREAL, Plaintiff

*************************************************************************

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **PEARL DYANE VILLARREAL,** | § | **Civil Action** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. B-03-205** |
| | § | |
| **HARTFORD FIRE INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

═══════════════════════════════════════

**PLAINTIFF'S RESPONSE & OPPOSITION TO
DEFENDANT'S NOTICE/PETITION OF REMOVAL
AND
PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION**

═══════════════════════════════════════

# EXHIBIT "1"



# HUGO XAVIER DE LOS SANTOS

*Certified Public Accountant*



6800 Park Ten Boulevard, Suite 123 N
San Antonio, Texas 78213
(210) 736-4227 • (210) 737-1556 Fax

Rio Grande Valley Office
229 South Texas Avenue, Suite 1000
Mercedes, Texas 78570 • (956) 565-0007



August 29, 2003

Aurora de la Garza
Cameron County District Clerk
Attn:  New Suits Department
974 E. Harrison Street
Brownsville, Texas 78520

Re:  Pearl D. Villarreal v. Hartford Fire Insurance Company

     Our File No.:  83028.U4001

Dear Clerk of Court:

With regard to the above referenced case, enclosed herewith, please find one (1) original and one (1) copy of the following documents:

   *  PLAINTIFF'S ORIGINAL PETITION

   *  PLAINTIFF'S REQUEST FOR PROCESS FROM THE DISTRICT CLERKS' OFFICE & REQUEST FOR ISSUANCE OF CITATION

Please file the original of each of the above referenced documents with the court and return our conformed, date-stamped copy of each document to us in the enclosed self-addressed stamped envelope.

In addition, enclosed, please find our law firm's check made payable to you for the applicable official court fees and costs. Moreover, I have enclosed an additional copy of the petition for your attachment to each citation requested in the enclosed request for process.

Per the provisions of Rule 5, TEX.R.CIV.P., request is made that

Page #1 of 2

HUGO XAVIER DE LOS SANTOS, ATTORNEY AT LAW

August 29, 2003, Letter Addressed to Aurora de la Garza and Cameron County District Clerk:

you please note the date of mailing as marked by the U.S. Postal Service as being the effective date of filing of each of these documents.

Thank you for your attention to this matter.

Very truly yours,

**HUGO XAVIER DE LOS SANTOS**
**Attorney at Law**

By: _____
HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Attorney for PEARL VILLARREAL, Plaintiff

HXDLS /
Encl.
cc:  Ms. Pearl D. Villarreal


** SENT VIA USPS CERTIFIED MAIL #7002 2410 0004 6398 2831 RRR **

Page #2 of 2

HUGO XAVIER DE LOS SANTOS
Attorney at Law & C.P.A.
San Antonio    TX  78213
    Client.Matter #:    83028.U4001

VENDOR NO.   1457
CHECK NO.   69373
DATE      08-29-03

NO. 069373

| INVOICE NUMBER | PURCHASE ORDER | INVOICE AMOUNT | DISCOUNT AMOUNT | NET |
|---|---|---|---|---|
| ------- | -------- | ------- | ------- | ----------- |
| Villarr/Ha | CRT FEE | $158.00 | $0.00 | $158.00 |



**HUGO XAVIER DE LOS SANTOS**
**ATTORNEY AT LAW**
6800 PARK TEN BLVD. SUITE 123 N  SAN ANTONIO, TEXAS 78213
PH. 210-736-4227

PLAZA BANK, N.A.
P.O. BOX 7160
SAN ANTONIO, TEXAS 78207

30-669
1140

NO. 069373
CHECK NO.
**69373**

Client.Matter
83028.U4001

$********158*DOLLARS**AND**NO*CENTS

DATE
08-29-03

AMOUNT
$********158.00

PAY
TO THE
ORDER
OF

Dist. Clerk--Cameron Cnty
974 E. Harrison Street
Brownsville, TX   78520

HUGO XAVIER DE LOS SANTOS, ESQ.

Court Costs--Villarreal v. Hartford INS

OPERATING ACCOUNT

⑈069373⑈ ⑆114006699⑆ ⑈0 021 054⑈



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 2.67 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 6.72 |

Postmark Here

San Antonio TX 78246
AUG 30 2003

Sent To

Street, Apt No; or PO Box No

City, State, ZIP+4

PS Form 3800, June 2002                          See Reverse for Instructions

7002 2410 0004 6398 2831

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

la Garza
County District Cle
New Suits Department
Harrison Street
lle, Texas 78520

HO.L42

ed Mail Receipt #7002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  ADOLFO GARZA

D. Is delivery address different from item
   If YES, enter delivery address be

3. Service Type
   ☒ Certified Mail      ☐ Express
   ☐ Registered          ☐ Return
   ☐ Insured Mail        ☐ C.O.D.

2. Article Number
   7002 2410 0004 6398 2831

PS Form 3811, August 2001                    **Domestic Return Receipt**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **PEARL DYANE VILLARREAL,**<br>**Plaintiff** | § | **Civil Action** |
| **v.** | § | **No. B-03-205** |
| **HARTFORD FIRE INSURANCE COMPANY,**<br>**Defendant** | § | |

PLAINTIFF'S RESPONSE & OPPOSITION TO
DEFENDANT'S NOTICE/PETITION OF REMOVAL
AND
PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION

# EXHIBIT "2"



# HUGO XAVIER DE LOS SANTOS
### *Attorney at Law*
### *Certified Public Accountant*



6800 Park Ten Boulevard, Suite 123 N
San Antonio, Texas 78213
(210) 736-4227 • (210) 737-1556 Fax

Rio Grande Valley Office
229 South Texas Avenue, Suite 1000
Mercedes, Texas 78570 • (956) 565-0007

October 22, 2003

The Hartford, SAPLCSC
Hartford Fire Insurance Company
Attn:  Mr. Mike Paxton
       Claims Adjuster
P.O. Box 47511
San Antonio, Texas 78265

Re:  Our Client(s):  *Ms. Pearl Dyane Villarreal*

    Your Insured(s):  *Miss Pearl D. Villarreal and Father, Mr. Luis Villarreal*

    Tortfeasor(s):  *Ramiro Ochoa, Owner and Joey Frausto, Driver*

    Matter:  *Bodily Injury and Damages Claims Arising Out of the January 1, 2000, Motor Vehicle Accident Caused by Ramiro Ochoa, Owner and Joey Frausto, Driver*

    Coverages:  *Personal Injury Protection and Un-/under-insured Motorists Insurance*

    Your Claim No.:  *839 AF 87039*

    Your Policy No.:  *65 ST 832035 CC*

    Civil Action:  *PEARL DYANE VILLARREAL v. HARTFORD FIRE INSURANCE COMPANY*

    *Cause No. 2003-09-004524-G, 404th Judicial District Court, Cameron County, Texas*

    Our File No.:  *83028.U4001*

Dear Mr. Paxton:

Thank you for your facsimile letter of today.

The statements in your letter about the date and content of the settlement discussions with Ms. Patty Kilkline, one of the prior

*Page #1 of 4*

*HUGO XAVIER DE LOS SANTOS, ATTORNEY AT LAW*

October 22, 2003, Letter Addressed to The Hartford, SARLCSC and Hartford Fire Insurance Company:

adjusters at your company assigned to my client's just claim, are incorrect. Notwithstanding the incorrect content thereof, on behalf of my client, I hereby reject your offer of $14,000.00.

The time for your company to negotiate a quick and cheap settle-ment has passed. Your company unreasonably delayed the payment of my client's just claim in bad faith. It has also undervalued my client's just claim. There is no question of liability in this case. The defendant driver and the owner of their vehicle were intoxicated on the night of this tragic motor vehicle accid-ent. The driver was plastered. There's no question he was drunk while he was driving the sports car in which he and the owner of the vehicle took my client, Ms. Pearl Villarreal, who was a minor at the time. The driver was driving with his headlights turned off even though this accident occurred shortly after midnight on New Years' Day, 2000. The driver was driving recklessly without regard to the safety or welfare of anyone.

By operating the vehicle in question while he was intoxicated, the driver was negligent per se in violation of §49.04 of the Texas Penal Code. This negligence per se was a proximate cause of the occurrence in question. Moreover, by driving the OCHOA Vehicle in willful or wanton disregard for the safety of persons or property, the driver was also negligent per se in violation of the Uniform Act Regulating Traffic on Highways, Tex.Rev.Civ.Stat. art. 6701d, §51, and such negligence per se was also a proximate cause of the occurrence in question.

At the scene of the accident, neither the driver, nor the owner of the vehicle, could produce proof of insurance. The driver had no insurance, and the insurance company that had been insuring the vehicle and its owner reneged, denynig coverage. Thus, the driver was an uninsured motorist.

My client was rushed to the hospital where she received treatment for the wounds and injuries the drunk driver and owner of the vehicle in question caused her. The bodily injuries my client suffered were substantial and painful. Moreover, Pearl was left with permanent scars to her face and with bodily aches and pains that persist to this day.

My client promptly gave your company notice of the claim. I was hired by my client and her family soon after the accident. Since then, I have, on numerous occasions, forwarded and sent you the pertinent medical records and supporting case information and documentation, along with photographs and other exhibits in support of my client's claim.

Instead of dealing in good faith and making attempts to properly investigate, evaluate and satisfy my client's just claim, your

*Page #2 of 4*

_HUGO XAVIER DE LOS SANTOS, ATTORNEY AT LAW_

October 22, 2003, Letter Addressed to The Hartford, SAFICSC and Hartford Fire Insurance Company:

company took the legally insupportable position that your company had no obligation to pay this claim until after my client had sued and recovered judgment against the drunk driver and owner of the subject vehicle. This caused a delay of three years.

Moreover, your company ignored several of my letters and requests for information and documents. Your company refused and failed to provide me with, _inter alia_, a copy of the subject insurance policy. Your company failed to acknowledge its liability and obligation to my client. Despite having received more than sufficient documentation with which to evaluate my client's claim for benefits pursuant to the subject policy, for over two (2) years and for almost three (3) years, your company took the position that Pearl had to first sue and recover her damages from the uninsured motorists and uninsured owner of the subject vehicle in which she was injured on January 1, 2000, contrary to the law. This unjust treatment of my client delayed the payment of her claim, all to her damage and detriment.

To compound matters, your company continues to low ball my client's claim. Your company fails to consider the value of permanent scarring to a young lady's face. The scars to Pearl's face alone demand payment of the subject policy limits. Instead of offering the limits in good faith, your company persists in making light of the permanent scars that Pearl suffered to her face on January 1, 2000, all in violation of, _inter alia_, your duty of good faith and fair dealing.

On April 7, 2003, I extended your company an opportunity to settle this case within the policy limits. Your company squandered this opportunity to settle my client's just claim. Moreover, your company ignored my numerous warnings about your company's wrongful handling of this claim, which I made both in writing and over the phone. Instead of heeding my notices, your company flagrantly disregarded its duty and the obligations imposed on it to deal promptly and in good faith with its insureds pursuant to Texas law, and it delayed payment of this claim for more than three years.

If your company truly desires to save our mutual time and expense and deal with this litigation, I am more than willing to keep the doors of communication open; however, your company is going to have to accept the fact that it has done Ms. Villarreal wrong, and that it owes her, at the very least, the policy limits, her attorney's fees at 45% owed pursuant to, _inter alia_, Chapter 38 of the Texas Civil Practices & Remedies Code, and costs of court. This does not cover the damage that your company has done to Pearl by its wrongful conduct. It is my opinion that a Cameron County jury will render justice for Pearl. Considering your company's eggregious delay, flagrant disregard of the law and

Page #3 of 4

## HUGO XAVIER DE LOS SANTOS, ATTORNEY AT LAW

October 22, 2003, Letter Addressed to The Hartford, SAPLCSC and Hartford Fire Insurance Company:

young lady's face, along with the value of the other bodily injuries Pearl was caused to suffer, and the fact that your company's liability for this claim has been clear since day one, combined with the fact that the driver was driving drunk and without his headlights on in the middle of the night, the jury will, in all reasonable probability, render judgment against your company for all of my client's damages, a fair and reasonable amount of attorney's fees and an appropriate sum for punitive damages. Moreover, by law, in addition to the damages awarded by the jury, your company owes pre-judgment interest at the rate of ten percent per annum. To date, more than $7,500.00 interest has accrued on your contractual debt alone.

I await your timely written reply within fifteen (15) days.

Very truly yours,

**HUGO XAVIER DE LOS SANTOS**
**Attorney at Law**


By: _____
      HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.

Attorney for PEARL DYANE VILLARREAL

HXDLS /
cc:  Ms. Pearl Dyane Villarreal

**  SENT VIA USPS CERTIFIED MAIL #7000 0520 0023 4216 9405 RRR **
      **** COPY SENT VIA FACSIMILE TO (877) 905-3232 ****

*Page #4 of 4*

# *HUGO XAVIER DE LOS SANTOS*
## *Attorney at Law*

6800 Park Ten Boulevard
Suite 123 N
San Antonio, Texas  78213
(210) 736-4227
(210) 737-1556 Facsimile

Rio Grande Valley Office:
229 South Texas Avenue
Suite 1000
Mercedes, Texas 78570
(956) 565-0007

## F A C S I M I L E   C O V E R   S H E E T

Our Facsimile (FAX) Number is (210) 737-1556

**NUMBER OF PAGES
INCLUDING THIS PAGE:**    _5_

**DATE:**  October 22, 2003

**(Recipient)   TO:**  Hartford Fire Insurance Company
**(Recipient)   ATTN.:**  Mr. Mike Paxton
**SENT TO FAX NO.:**  (877) 905-3232
**RE:**  Our Client(s):  Miss Pearl Dyane Villarreal
Your Insured(s):  Miss Pearl D. Villarreal and Father, Mr. Luis Villarreal
Tortfeasor(s):  Ramiro Ochoa, Owner and Joey Frausto, Driver

Arising Out of the January 1, 2000, Motor Vehicle Accident Caused by Ramiro Ochoa, Owner and Joey Frausto, Driver
Coverages:  Personal Injury Protection and Un-/under-insured Motorists Insurance
Civil Action:  PEARL DYANE VILLARREAL v. HARTFORD FIRE INSURANCE COMPANY
Cause No. 2003-09-004524-G, 404th Judicial District Court, Cameron County, Texas
Your Claim No.:  839 AF 87039
Your Policy No.:  65 ST 832035 CC
Our File No.:  83028.U4001

**MEMO:**

```
┌─────────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘
```

```
                                    TIME  : 10/22/2003 15:37
                                    NAME  : DE LOS SANTOS LAW
                                    FAX   : 2107361556
                                    TEL   : 2107364227
                                    SER.# : BROF2J439428
```

```
┌──────────────────────────────────────────────────────────────────────┐
│                                                                        │
│    DATE,TIME              10/22  15:35                                  │
│    FAX NO./NAME           18779053232                                   │
│    DURATION               00:01:48                                      │
│    PAGE(S)                05                                            │
│    RESULT                 OK                                            │
│    MODE                   STANDARD                                      │
│                           ECM                                          │
│                                                                        │
└──────────────────────────────────────────────────────────────────────┘
```

# H U G O  X A V I E R  D E  L O S  S A N T O S
## Attorney at Law

6800 Park Ten Boulevard
Suite 123 N
San Antonio, Texas 78213
(210) 736-4227
(210) 737-1556  Facsimile

Rio Grande  Valley Office:
229 South  Texas Avenue
Suite 1000
Mercedes, Texas 78570
(956) 565-0007

## F A C S I M I L E   C O V E R   S H E E T

### Our Facsimile (FAX) Number is (210) 737-1556

**NUMBER OF PAGES INCLUDING THIS PAGE:** 5

**DATE:** October 22, 2003

**(Recipient) TO:** Mr. Luis Villarreal and Miss Pearl D. Villarreal

**SENT TO FAX NO.:** 1-956-428-8615

**RE:** Personal and Confidential

Our File No.:  83028.U4001

**MEMO:**

See attached.

---

CONFIDENTIALITY NOTICE:  The documents accompanying this facsimile transaction / transmission contain CONFIDENTIAL INFORMA-
TION which is LEGALLY PRIVILEGED.  The information is intended ONLY for the use of the recipient(s) named above.  If you have
received this facsimile in error, please immediately notify us by telephone to arrange for return of the original documents
you received to us.  You are hereby NOTIFIED that any disclosure, copying, distribution or the taking of any action in re-
liance on the contents of this facsimile information is strictly prohibited.

In the event you did not receive the total number of the pages set forth above, please call us immediately at (210) 736-4227.
Please note that our facsimile system produces confirmation reports concerning our facsimile transmissions and the receipt
thereof by your system.
*************************************************************************************************************

TRANSMISSION VERIFICATION REPORT

```
                                            TIME : 10/22/2003 15:39
                                            NAME : DE LOS SANTOS LAW
                                            FAX  : 2107361556
                                            TEL  : 2107364227
                                            SER.# : BROF2J439428
```

```
        DATE,TIME            10/22  15:38
        FAX NO./NAME         19564288615
        DURATION            00:01:41
        PAGE(S)             05
        RESULT              OK
        MODE                STANDARD
                            ECM
```

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X _Steve Gros_ ☐ Agent ☐ Addressee B. Received by (Printed Name) STEVE GROS C. Date of Delivery 10-27-03 |
| The Hartford, SAPLCSC Hartford Fire Insura Attn: Mr. Mike Paxton P.O. Box 47511 San Antonio, Texas 78265 VIP-OCHO.144 | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| Certified Mail Receipt 7000 0520 0023 4238 9405 RRR | 3. Service Type ☑ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D. 4. Restricted Delivery? (Extra Fee) ☐ Yes |

| 2. Article Number (Transfer from service label) | |
|---|---|

| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEARL DYANE VILLARREAL,<br>                    Plaintiff | § | Civil Action |
| | § | |
| v. | § | No. B-03-205 |
| | § | |
| HARTFORD FIRE INSURANCE COMPANY,<br>                    Defendant | § | |

PLAINTIFF'S RESPONSE & OPPOSITION TO
DEFENDANT'S NOTICE/PETITION OF REMOVAL
AND
PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION

# EXHIBIT "3"



October 22, 2003

THE
HARTFORD

Hugo Xavier De Los Santos
Attorney At Law
6800 Park Ten Blvd., Ste 123 N.
San Antonio, TX 78213

RE:  Our Insured :     Luis Villarreal Jr.
     Your Client :     Pearl Villarreal
     Date of Loss:     01/01/2000
     Claim No.   :     YBJ AU 00860
     Your File   :     83028.U4001

Dear Mr. De Los Santos:

Please be advised that the above captioned file has been transferred to
me for further handling. I have reviewed the file and seen where on
07/13/03 you went from $17,500 to $16,000 and Patty went from
$10,000 to $11,000 to settle your client's injury claim.

As you are aware, we have paid the $4,547.70 in PIP benefits and we
are entitled to a credit/offset. This is a smaller injury claim that should
be settled. I am offering your client $14,000 + your filing fees/cost.
Please pass the offer on to your client and contact me so we may
conclude this litigation and save our mutual time and expense. Thank
you.

Sincerely;

Mike Paxton

Mike Paxton
Fax 877-905-3232
800-236-0398-ext.31004

San Antonio Personal Lines
Claims Service Center
P.O. Box 47511
San Antonio, TX 78265
Toll Free 800 236 0398

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PEARL DYANE VILLARREAL,                    §
           **Plaintiff**          §          **Civil Action**
                           §
      **v.**          §          **No. B-03-205**
                           §
HARTFORD FIRE INSURANCE COMPANY,          §
           **Defendant**          §

PLAINTIFF'S RESPONSE & OPPOSITION TO
DEFENDANT'S NOTICE/PETITION OF REMOVAL
AND
PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION

# EXHIBIT "4"



October 24, 2003

**THE HARTFORD**

Hugo Xavier De Los Santos
6800 Park Ten Blvd., Ste 123 N
San Antonio, TX 78213

RE:   Our Insured :   Luis Villarreal
      Date Of Loss:   01/01/2000
      Your Client :   Pearl Villarreal
      Claim No.   :   YBJ AU 00860
      Your File   :   83028.U4001

Dear Mr. De Los Santos:

We have received your faxed response dated 10/22/03. We have to
agree to disagree. Your interpretation of the facts, events and law are
unique. From the affidavit that you supplied, the driver clearly stated
that he drove because had **not been drinking**. I do not agree with
your interpretation of 21.21 and evaluating claims is very individual
and subjective.

The length of treatment was all on the day of the accident and her
scars are not visible at 10 feet. Our offer of $14,000 + your cost to file
are reasonable and fair for her injury sustained. If we owe 21.55 on
the injury value of her claim, the penalties and fees would far less than
your stated values. We are open to reason but not on your estimations.
This case ,in our current opinion does not posses a value over the
limits. We are open to meaningful discussions but not rhetoric. I will
be out of the state and out of the office from tomorrow 10/25/03 to
11/02/03. Thank you.

San Antonio Personal Lines
Claims Service Center
P.O. Box 47511
San Antonio, TX 78265
Toll Free 800 236 0398

Page Two


Sincerely;

Mike Paxton
Select Consultant-SCLA
Fax 877-905-3232
800-236-0398-ext.31004
Mike.Paxton@thehartford.com