*a*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PEARL DYANE VILLARREAL,<br>**Plaintiff** | § | **Civil Action** |
| **v.** | § | **No. B-03-205** |
| HARTFORD FIRE INSURANCE COMPANY,<br>**Defendant** | § | |

PLAINTIFF'S BRIEF IN SUPPORT OF
PLAINTIFF'S RESPONSE & OPPOSITION TO
DEFENDANT'S NOTICE/PETITION OF REMOVAL
AND
PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION

**TO THE HONORABLE ANDREW S. HANEN, U.S. DISTRICT JUDGE:**

1.    Now comes, Plaintiff PEARL DYANE VILLARREAL,  and files this brief in support of her motion to remand for lack of jurisdiction, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, and in support thereof would show the following:

## LAW

1.    The right to remove an action from a state to a federal  court is controlled wholly be federal statute.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 85 L.Ed. 1214, 61 S.Ct. 868 (1941).  Whenever there is any doubt as to the federal court's jurisdiction, removal should be denied and the case should be remanded to the state court.  American Bldgs. Co. v. Varicon, Inc., 616 F.Supp. 641 (1985, DC Mass.); See e.g., Anderson v. Union Pacific Coal Co., 332 F.Supp. 605 (1971, DC Wyo).

2.    Absent a specific statutory exception, removal is allowed ONLY if the federal court would have had jurisdiction over the action as originally filed by the plain-

tiffs. <u>Betar v. De Havilland Aircraft, Ltd.</u>, 603 F.2d 30, (1979, CA7 Ill), <u>cert. den.</u> 444 U.S. 1098, 62 L.Ed.2d 785, 100 S.Ct. 1064, <u>reh. den.</u> 445 U.S. 947, 63 L.Ed.2d 782, 100 S.Ct. 1347; <u>First Nat. Bank v. Aberdeen Nat. Bank</u>, 627 F.2d 843 (1980, CA8 Minn).

3.    In an action based on diversity of citizenship jurisdiction, not only must complete diversity exist as is required by 28 U.S.C. Section 1332, the matter in controversy MUST exceed $75,000; otherwise, there is no diversity jurisdiction.  28 U.S.C. Section 1332.

4.    In a direct action by an insured against his insurer, the insurance company defendant is deemed to be "a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated <u>and</u> of the State where it has its principal place of business".  28 U.S.C.S. §1332(c)(1) (Emphasis Added.)

5.    In an action against a corporation, the corporation is considered to be a citizen of the states by which it has been incorporated <u>and</u> where it has its principal place of business for purposes of determining diversity jurisdiction and removal jurisdiction.  28 U.S.C.S. Sec. 1332(c)(1).  Section 1332(c)(1) of Title 28 of the United States Code, provides in pertinent part:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal  place of business.

6.    The state in which a corporation's principal place of business is located is a question of fact to be determined by various factors, including the *situs* of its operations, the character of the corporation, its purposes, the nature of its business, and the kind of business in which it is engaged.  <u>United Nuclear Corp. v. Moki Oil & Rare Metals Co.</u>, 364 F.2d 568, 6 ALR Fed 428 (10th Cir 1966), cert. den. 385 U.S. 960, 17 L.Ed.2d 306, 87 S.Ct. 393.  In  the Fifth Circuit, the courts have generally held that

the state having the largest volume of a corporation's operations is the corporation's principal place of business, even though another state had the highest number of the corporation's top executives and/or corporate office. Danos v. Waterford Oil Co., 351 F.2d 940 (5th Cir. 1965); Anniston Soil Pipe Co. v. Central Foundry Co., 216 F.Supp. 473 (DC Ala, 1963), aff'd. 329 F.2d 313 (5th Cir.); Foster v. Midland Valley R. Co., 245 F.Supp. 60 (1965, DC Okla).

7.    Where the plaintiff's complaint is based solely on state law claims and there is no diversity of citizenship, there is no removal jurisdiction in the District Court. 28 U.S.C.S. Section 1441; Betar, supra; Aberdeen Nat. Bank, supra. Section 1441(a)(1) of Title 28, United States Code, states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded. (Emphasis added.)

8.    The determinative test as to whether an action's matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is required by 28 U.S.C. Section 1332, or whether an action is based on diversity of citizenship and/or based on the proposition that a federal question has raised by plaintiff, is made completely within the confines of the plaintiff's state court pleadings. A District Court is prohibited from looking beyond the complaint to find a basis for removal. Re Southwestern Bell Tel. Co., 535 F.2d 859 (1976, CA5 Tex.), mod. on other grounds 430 U.S. 723, 52 L.Ed.2d 1, 97 S.Ct. 1439, reh. den. 431 U.S. 975, 53 L.Ed.2d 1073, 97 S.Ct. 2941, and conformed to 556 F.2d 370 (CA5, Tex.); Continental Oil Co. v. PPG Industries, Inc., 355 F.Supp. 1183 (1973, SD Tex.); People by Atty. Gen. v. Glendale Fed. Sav. & Loan Assoc., 475 F.Supp 728 (1979, CD Cal); see also Ashley v. South-

western Bell Tel. Co., 410 F.Supp 1389 (1976, WD Tex.) (holding removal improper on the probability or possibility that a federal question will arise in subsequent proceedings).

9.     **The plaintiff's state court pleadings thus control removability, and for all practical purposes, the cause of action upon which the removability of the case is to be judged is whatever the plaintiffs have declared it to be in their pleadings.** Connell v. Smiley, 156 U.S. 335, 39 L.Ed. 443, 15 S.Ct. 353 (1895).   A complaint states a removable cause of action only if it characterizes the suit as an action for damages under a federal statute and its substantive allegations clearly state a federal cause of action. Seamon v. Bell Tel. Co., 571 F. Supp. 1073 (1983, WD Pa).

10.    A petition for removal must strictly comply with 28 U.S.C.S. Section 1446; otherwise, remand is required.  A petition for removal must contain a short and plain statement of the facts entitling the defendant to removal, must be signed pursuant to Rule 11, FED.R.CIV.P., and must be accompanied by copies of all process, pleadings, and orders served upon the defendant in the state court action. 28 U.S.C.S. Section 1446(a).  Moreover, the date of filing must be included in a petition for removal. Swartz v. Cleveland Worm & Gear Co., 85 F.Supp. 29  (1949, DC Mo.).  Failure to meet any of these requirements is fatal to removal and the same requires remand of the action to the state court.  28 U.S.C.S. §1447(c).

11.    Remand is mandated where diversity of citizenship is either lacking initially or is destroyed by addition of parties after removal.  Knapp v. Railroad Co., 87 U.S. 117, 22 L.Ed. 328 (1874); Jackson v. Allen, 132 U.S. 27, 33 L. Ed. 249, 10 S.Ct. 9 (1889); Heatherton v. Playboy, Inc., 60 FRD 372, 17 FR Serv.2d 817 (1973, CD Cal).

12.    Remand is mandated where removal is sought on the grounds of the

presence of a federal question, no federal question appears on the face of the removal petition or if same is not clearly plead in the plaintiff's complaint.  Ashley v. Southwestern Bell Tel. Co., 410 F.Supp. 1389 (1976, WD Tex.).   Remand is likewise mandated where removal is sought on the basis of diversity of citizenship and it is not clear from the face of the plaintiff's complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between--(1) citizens of different States".  Ibid.; 28 U.S.C. Sections 1332 and 1446.

## FACTS

13.    Plaintiff PEARL DYANE VILLARREAL is  a citizen of the state of Texas, residing in Cameron County, Texas.  Plaintiff's Original Petition (Complaint) at 1; Petition of Removal, ¶7, at p. 2.

14.    Plaintiff's damages, being the matter in controversy, are plead in Plaintiff's Complaint (Original Petition) as merely being in excess of the Cameron County, Texas, District Court's minimum jurisdictional limits, which are $0 or arguably $500. TEXAS CONSTITUTION, Article 5, Section 8; see Peek v. Equipment Service Co., 779 S.W.2d 802, 804, n.4 (Tex. 1989).  On its face, the complaint does not involve a matter in controversy of more than $75,000 as is required by 28 U.S.C. Section 1332 for diversity jurisdiction to exist.

15.    In fact, the policy contract upon which this lawsuit is based provides insurance benefits limits of $25,000.00.  The maximum actual damages plaintiff would be entitled to would be $25,000; therefore, the amount in controversy is less than the statutory minimum of $75,000.00 which is required for the vesting of diversity jurisdiction.

16.    The causes of action arise out of incidents which totally and wholly occurred in Cameron County, Texas.  This is not a federal question case.  The applicable

substantive laws are entirely comprised of laws of the state of Texas, to wit violation of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Texas Business and Commerce Code, Section 17.45, Et. Seq.

17.    On information and belief, Defendant HARTFORD FIRE INSURANCE COMPANY maintains a centralized nexus of its operations in the state of Texas and also maintains and operates numerous business sales and claims offices throughout the state of Texas.

18.    . Plaintiff believes based on the number of offices and agencies HART-FORD FIRE INSURANCE COMPANY maintains in Texas, its enormous business revenues and its claims office facilities in Texas, the believed greater amount of business generated in the state of Texas versus that of Connecticut, that as between the states of Connecticut and Texas, TEXAS and NOT CONNECTICUT is HARTFORD FIRE INSURANCE COMPANY's principal place of business, and thus Texas is its state of citizenship for the 28 U.S.C. Section 1332 test.

19.    Accordingly, for purposes of determining diversity, HARTFORD FIRE INSURANCE COMPANY should be considered a citizen of the state of Texas, the state where it maintains its true principal place of business.  28 U.S.C.S. Section 1332(c)(1); Danos v. Waterford Oil Co., 351 F.2d 940 (5th Cir. 1965); Anniston Soil Pipe Co. v. Central Foundry Co., 216 F.Supp. 473 (DC Ala, 1963), aff'd. 329 F.2d 313 (5th Cir.); Foster v. Midland Valley R. Co., 245 F.Supp. 60 (1965, DC Okla); City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69-70, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941); Rock Island Millwork Co. & Wholesale Distributing Co. v. Hedges--Gough Lumber Co., Et. Al., 337 F.2d 24 (8th Cir. 1964); see also, Campbell v. Insurance Co. of North America, 552 F.2d 604 (5th Cir. [Tex.] 1977).    Thus,

BRIEF IN SUPPORT OF REMAND                                Case No. B-03-205

complete diversity of citizenship is lacking.

20.    Plaintiff's claims against defendant HARTFORD FIRE INSURANCE COMPANY are based on Plaintiff's state law causes of actions against HARTFORD FIRE INSURANCE COMPANY arising out of a Texas Automobile Liability Insurance policy sold by defendant HARTFORD FIRE INSURANCE COMPANY to Plaintiff PEARL DYANE VILLARREAL in Cameron County, Texas.  Plaintiff sues defendant HARTFORD FIRE INSURANCE COMPANY for breach of its contract under the underinsured motor vehicle provisions of its policy of insurance, violations of the Texas Insurance Code and/or Texas Deceptive Trade Practices-Consumer Protection Act.  On its face, the complaint involves only state law claims.

21.    No federal causes of action were plead, nor does plaintiff intend to plead any federal causes of action.

## CONCLUSION

22.    There was no original federal jurisdiction in this action because:

a.    this action is an action by an insured who is a Texan directly against an insurer and there is no diversity jurisdiction pursuant to the express provisions of 28 U.S.C.S. §1332(c)(1);

b.    the amount in controversy plead in plaintiff's state court pleadings does not exceed the minimum amount required by the federal diversity statute; 28 U.S.C.S. §1332(a); and

c.    this action is not an action between citizens of different states such that there is failure of complete diversity of citizenship among and between the parties to this case.  28 U.S.C.S. §1332(a)(1).

23.    Since there was no original federal jurisdiction, the removal was improvident.  Moreover, the removal was defective and failed to strictly comply with require-

ments of Section 1446, Title 28 U.S.C.S.  The petition of removal, on its face, is insuf-

ficient to perfect removal.  Accordingly, this case must be remanded to the 404th Judi-

cial District Court of Cameron County, Texas.  29 Fed. Proc., L. Ed. Chapter 69.

Respectfully submitted,

**HUGO XAVIER DE LOS SANTOS**
**Attorney at Law**

Date:  February 10, 2004

By:

HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Texas Bar Identification #05653300

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for PEARL DYANE VILLARREAL, Plaintiff

**BRIEF IN SUPPORT OF REMAND**                    **Case No. B-03-205**

## CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for PEARL DYANE VILLARREAL, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE & OPPOSITION TO DEFENDANT'S NOTICE/PETITION OF REMOVAL AND PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION in a manner consistent with the TEX.R.CIV.P. on February 10, 2004.

Further, this is to certify that all service via mail was by certified mail, return receipt requested [RRR], by depositing this document in an official depository of the United States Postal Service after enclosing this document in a postpaid, properly addressed envelope.    In addition, all service by telephonic document transfer was accomplished before 5:00 o'clock p.m. on the aforesaid date.

*HARTFORD FIRE INSURANCE COMPANY*

c/o Mr. Anthony B. James, Esq.
Hodge, James & Garza, LLP
134 E. Van Buren St., Suite 310.
Harlingen, Texas 78550

*Method*:          U.S. Certified Mail, Return Receipt Requested
USPS Postal Receipt #7003 2260 0004 6488 3904

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law*

By: _____
HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Texas Bar Identification #05653300

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for PEARL DYANE VILLARREAL, Plaintiff

*************************************************************************