(03-316)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PEARL DYANE VILLARREAL | § § § | |
| VS. | § § § § | Civil Action No. B-03-205 |
| HARTFORD FIRE INSURANCE COMPANY | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT OF MOTION TO REMAND

TO THE HONORABLE COURT:

HARTFORD FIRE INSURANCE COMPANY (Defendant) files this Response to Plaintiff's Motion to Remand and Brief in Support of Motion to Remand and would state as follows:

1. Defendant requests this Court deny Plaintiff's Motion to Remand.

2. Defendant removed this case based on diversity jurisdiction. *See* 28 U.S.C. § 1332. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *Id* at § 1332(a)(1). Plaintiff is a citizen of Texas and Defendant is a citizen of Connecticut with its principal place of business in Connecticut. It is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Section 1447(c) provides two grounds for remand: (1) a defect in removal proceedings and (2) lack of subject matter jurisdiction. *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 305 (5th Cir.1993). When considering a motion to remand the removing party bears the burden of showing that removal was proper. *Willy Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1998) appeal after remand, 915 F.2d 965 (5th Cir.1990), aff'd, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280

(1992). This burden extends to demonstrating a jurisdictional basis for removal and necessary compliance with the requirements of the removal statute. *Albonetti v. GAF Corporation-Chemical Group,* 520 F.Supp. 825, 827 (S.D. Tex. 1981).

4. Defendant's removal of this case was proper. Defendant timely removed this case. Defendant received notice of Plaintiff's Original Petition on October 13, 2003, and removed this case on November 7, 2003. Defendant removed this case within thirty days after receipt of Plaintiff's Original Petition and therefore the removal was timely. *See* 28 U.S.C. 1446(b).[1]

5. Plaintiff disputes Defendant is a citizen of Connecticut and Defendant's principal place of business is in Connecticut. Specifically, Plaintiff alleges Defendant is considered a citizen of Texas pursuant to 28 USC 1332(c)(1). Plaintiff's reliance on 1332(c)(1) is misplaced. The provision only applies in situations where state law authorizes a direct tort action by a person injured by a tort feasor against the tort feasor's insurance carrier where the tort feasor is not a party. The underlying case constitutes a contract action against Defendant.[2] Federal courts have held the legal basis for recovery in uninsured motorist policies, is a contract theory. *Watkins v. Allstate Ins. Co.,* 50 3 F. Supp. 848 (1980); Irvin v. Allstate Ins. Co., 436 F. Supp. 575 (1977). Therefore, 28 USC 1332 (c) (1) does not apply and diversity is present.

Plaintiff alleges without any evidentiary support that Hartford's principal place of business is Texas. This is incorrect as set forth in Defendant's Notice of Removal and Answer, Defendant

---

[1] Section 1446 provides that notice of removal must be filed within thirty days of Defendant's receipt of service of the initial state court pleading. § 28 U.S.C. 1446(b).

[2] Additionally, any negligence claims of Plaintiff would be barred by limitations since the accident in question occurred on January 1, 2000. Plaintiff was born on June 24, 1981 and the underlying suit was filed on June 5, 2003.

is incorporated in Connecticut and Defendant's principal place of business is Connecticut. Plaintiff has not produced any evidence to the contrary.

6.  It is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeded $75,000 at the time of removal. The jurisdictional facts that support removal must be judged at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab. Co*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), reh'g denied, 70 F.3d 26 (5th Cir.1995); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999).

7.  In this case, Plaintiff's Original Petition alleges damages sufficient to confer jurisdiction upon this court. Specifically, Plaintiff is seeking relief under the Texas Insurance Code and the DTPA. Plaintiff also asserts negligence, gross negligence, breach of good faith and fair dealing and breach of contract claims. As far as damages, Plaintiff seeks actual damages, treble damages under the Insurance Code, punitive damages under the DTPA and Insurance Code, statutory attorney fees and interest. Plaintiff's request for attorney fees, punitive damages and interest are all included in the amount in controversy. Attorney fees recoverable under a statute are also included as part of the amount in controversy requirement. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536-537 (5th Cir.1990). ("Attorney's fees may be included in determining the jurisdictional amount.") Since punitive damages are recoverable under the DTPA and Insurance Code, they are also included in determining the amount in controversy requirement. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943). *St. Paul Reinsurance Co.*, 134 F.3d at 1255. Finally, since the Insurance Code includes automatic interest at the rate of 18 percent per annum as statutory damages, Plaintiff's request for interest should also

be included in the amount in controversy. *Id.* at 1254-1255.

8.     Plaintiff contends her letter dated November 3, 2003 and attached to Defendant's Notice of Removal is not evidence of the amount in controversy. This is incorrect. Federal courts have held a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the Plaintiff's claims or an assessment of the value of a Plaintiff's case. *Cohn v. Petsmart, Inc.*, 281 F. 3d 837 (9th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F. 3d 424, 428-30 (7th Cir. 1997) (Plaintiff's settlement offer is properly consulted in determining "Plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F. 3d 644, 651 n. 8 (5th Cir. 1994) ("Because the records contains a letter, which Plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000.00, it is "apparent" that removal was proper"). Federal courts have also rejected Plaintiff's argument that settlement offers cannot be used in this regard. See *Cohn*, 281 F. 3d at 840. Plaintiff's settlement letter is not being offered to prove liability or invalidity of the claim or its amount. The letter is merely offered to indicate Plaintiff's assessment of the value of her claim. Further, Plaintiff has not denied the validity of the letter of the assessment contain therein.

## CONCLUSION

Defendant respectfully requests this Court deny Plaintiff's Motion to Remand. Defendant's removal was timely and proper. The parties are citizens of different states and Plaintiff's Original Petition and the settlement letter together demonstrate the amount in controversy exceeded $75,000 at the time of removal.

Respectfully submitted,

HODGE, JAMES & GARZA, L.L.P.
Attorneys and Counselor at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile: (956) 425-7707

_____
Anthony B. James
Federal Id. No. 3785
State Bar No. 10537300

Lisa M. Crouch
Federal I.D. No. 15307
State Bar No. 06571040

Attorneys for Defendant,
HARTFORD FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing, Defendant's Response to Plaintiff's Motion to Remand and Brief in Support of Motion to Remand, has been served on the \_\_\_\_\_ day of February, 2004, to all attorneys of record by placing same in a post office or official depository under the care and custody of the United States Postal Service, via personal delivery as follows:

<u>VIA FAX (210) 737-1556</u>
<u>& CMRRR# 7003 2260 0005 0548 4039</u>
Mr. Hugo Xavier De Los Santos
Attorney at Law
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213

              _____
              Lisa M. Crouch