# EXHIBIT "B"

(03-316)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PEARL DYANE VILLARREAL      §
§
§
VS.      §     Civil Action No. B-03-205
§
§
HARTFORD FIRE INSURANCE COMPANY §

### DEFENDANT HARTFORD INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED TO PLAINTIFF, PEARL DYANE VILLARREAL

To:     PLAINTIFF, PEARL DYANE VILLARREAL, by and through her attorney of record:

     Mr. Hugo Xavier De Los Santos
     Attorney at Law
     6800 Park Ten Blvd., Ste. 123-N
     San Antonio, Texas 78213

     COMES NOW, HARTFORD FIRE INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and pursuant to the Federal Rules of Civil Procedure serves its First Set of Requests for Production to Plaintiff, PEARL DYANE VILLARREAL, as attached.

Respectfully submitted,

_____
Anthony B. James
Federal Id. No. 3785
State Bar No. 10537300

Lisa M. Crouch
Federal I.D. No. 15307
State Bar No. 06571040

HODGE, JAMES & GARZA, L.L.P.
Attorneys and Counselors at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile: (956) 425-7707

Attorneys in Charge for Defendant, HARTFORD
FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendant Hartford Insurance Company's First Set of Requests For Production Propounded to Plaintiff, Pearl Dyane Villarreal has been served on the ___ day of February, 2004 to all attorneys of record by placing same in a post office or official depository under the care and custody of the United States Postal Service, via personal delivery as follows:

VIA CMRRR# 7003 2260 0005 0548 3995
Mr. Hugo Xavier De Los Santos
Attorney at Law
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213

_____
Lisa M. Crouch

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, you are hereby requested to produce the below designated documents including papers, books, accounts, writings, drawings, graphs, charges, photographs or any insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments to satisfy the judgment, recordings and other data compilations from which information can be obtained, translated, if necessary by your, your agents or attorneys through appropriate devices into reasonably usable form, and to produce the below designated tangible things which constitute or contain matters which are in the possession, custody or control of you, your agents, servants, or attorneys, for inspection, sampling, testing, photographing and/or copying within 10 days after your responses to these Requests for Production are due, at the law offices of Anthony B. James, HODGE, JAMES & GARZA, L.L.P., Attorneys and Counselors at Law, 134 East Van Buren Street, Suite 310, Harlingen, Texas 78550. You are advised that pursuant to Rule 34, you must make written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with these Requests, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. You are advised that pursuant to Rule 34, response to these requests shall be served within 30 days after receipt of the Requests.

* * *

In answering the following Requests for Production, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known to your own personal knowledge. If you cannot answer a Question or respond to a Request in full after exercising due diligence to secure the information or item requested, so state in your answer or response and to the extent possible answer or respond stating whatever information or knowledge you have.

The Requests for Production which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers and responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers and/or responses given to the Interrogatories and Requests for Production below. Such supplemental answers and/or responses are to be served upon this party immediately upon receipt of such information.

## DEFINITIONS

As used in these Request for Productions, the following words shall have the definitions listed below:

(a)    "Arrangement" means any understanding, agreement or contract, either written or oral, including but not limited to guaranty agreements, loans, loan receipts, Mary Carter agreements, gentlemen's agreements, quasi-releases, assignments, releases, indemnity or contribution agreements, regardless of whether such understandings, agreements or contracts envision past, present or future performance, or are in some way contingent or executory and regardless of whether such communications are founded on legally sufficient consideration, or are otherwise legally enforceable, between you and any party to this lawsuit or any party or entity not a party to this lawsuit:

(1)    which relate in any manner to the amount of money to be recovered by any Plaintiff from any party or person as a result of this lawsuit or the subject accident;

(2)    whereby any party to this lawsuit or any person or entity not a party to this lawsuit has agreed to pay any Plaintiff and/or any Plaintiff's attorney some certain amount of money or other consideration regardless of the outcome of this lawsuit or any other lawsuit concerning the subject accident;

(3)    whereby any Plaintiff's recovery from any party or person as a result of this lawsuit or the subject accidents in any way contingent upon the amount of money any Plaintiff and/or any Plaintiffs's attorney recovers from any other party as a result of this lawsuit or the subject accident;

(4)    whereby any Plaintiff and/or any Plaintiff's counsel have agreed with any party to this lawsuit or any other person that such party's or person's maximum liability in terms of money damage as a result of this lawsuit or the subject accident will be limited to a specified amount even if any other party's liability and money damages as found by the judge or jury exceeds that specified amount;

(5)    whereby any Plaintiff or Plaintiff's attorney acquired any type of financial interest in the claim or cause of action of another party to this lawsuit or the subject accident;

(6)    whereby any Plaintiff or any Plaintiff's attorney has agreed to reduce any party's or person's monetary obligation to him/them in proportion to or as a result of any recovery which any Plaintiff or any Plaintiff's attorney might

---

Defendant Hartford Insurance Company's First Set of Requests For Production
Propounded to Plaintiff, Pearl Dyane Villarreal/2003-316                                    Page 4

obtain against any other party as a result of this lawsuit or the subject accident;

(7) whereby any Plaintiff or any Plaintiff's attorney agrees that he/they will look to a party or person other than a certain designated party for an amount or percentage of money in some way corresponding to the amount of money any Plaintiff or any Plaintiff's attorney might be entitled to recover against some other party upon the final judgment in this cause;

(8) whereby any other potential party Defendant or Plaintiff will undertake some course of conduct with respect to this lawsuit or the subject accident that is designed to adversely affect the interest of this Defendant, or whereby any Plaintiff and/or any Plaintiff's attorney will undertake some course of conduct with respect to this lawsuit or the subject accident that is designed to avoid adversely affecting the interests of any other potential Defendant or Plaintiff.

(b) "Course of conduct" concerning any arrangement includes without limitation the taking or exchanging of oral or written statements from potential witnesses; the providing or withholding of witnesses or evidence for trial or discovery purposes; the asking or forbearance from asking of questions about designated facts, witnesses, or parties during discovery or trial; the exercise of pre-emptory challengers during jury selection, and the making or failure to make designated motions or factual or legal arguments, as well as the supporting, failure to support, opposing or failure to oppose, of such motions or arguments.

(c) "Describe in detail" means to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone numbers of persons involved, if appropriate, along with dates, times, places, amounts, and other particulars, which make the answer to the request for production fail and meaningful. A failure to answer these Request for Production in good faith may result in attorney's fees and costs being taxed against you under the Federal Rules of Civil Procedure.

(d) "Document" includes the words "documents" or "documentary evidence" and means and includes any written, printed, recorded, taped, photographic, or graphic matter; however, produced or reproduced, including but not limited to papers, books, accounts, drawings, graphs, charges, photographs, electronic or videotape recordings and any other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form.

(e) "Evidence, facts, or information" means any evidence, facts or information which may tend to prove or disprove, directly or circumstantially, or bear upon any issues that are, or could be, raised in this lawsuit.

(f)    "Health care provider" means any medical doctor, osteopath, chiropractor, physical therapist, nurse, technician, rehabilitation therapist, psychiatrist, psychologist, counselor, faith healer, minister, priest, or any other person holding himself or herself out to be capable of the diagnosis, treatment or assistance in treatment of physical, psychological, emotional or mental injuries.

(g)    "Identify" should be interpreted so as to provide a full description of the matter involved. "Identify" when referring:

(1)    to a person means to state his or her full name, title, job description, current business and residence addresses and telephone numbers;

(2)    to a public or private corporation, partnership, association or other organization, or to a governmental agency, means to state its full name and present, or last known, pertinent business address;

(3)    to a statement means to identify who made it, who took or recorded it, and all persons, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who has present or last known possession, custody, or control thereof;

(4)    to a document means to state a description of the document, its date, the authors, the recipients, its location, the name and address of its custodian, and the substance of the document;

(5)    to an act or omission means to state a detailed description of the act or omission, the date it occurred, the place it occurred, the identity of the person or persons performing such act, or in the case of an omission, the identity of the person or persons failing to act, identity of all person who have knowledge of the act or omission, the date the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(h)    "Knowledge of relevant facts" means knowledge of any discoverable matter. The information need not be admissible in order to satisfy the requirements of the Federal Rules of Civil Procedure and personal knowledge is not required.

(i)    "Person" means natural persons, and also includes professional associates, corporations, partnerships, associations, federations, or any other entity.

(j)    "Possession, custody or control" includes constructive possession such that the person need not have actual physical possession as long as the person has a superior

right to compel the production from a third party (including an agency, authority or representative, the person has possession, custody or control.

(k)     "Subject incident" refers to the incident made the basis of this lawsuit which allegedly occurred at your residence.

(l)     "You," "your" and "yourselves" refer to the Plaintiff.  Please note the instructions in item number 5 above.

<u>DEFENDANT HARTFORD INSURANCE COMPANY'S FIRST SET OF REQUESTS</u>
<u>FOR PRODUCTION PROPOUNDED TO PLAINTIFF, PEARL DYANE VILLARREAL</u>

## <u>REQUEST FOR PRODUCTION NO. 1:</u>

Please produce all statements, either oral or written, made by Defendant Hartford Fire Insurance Company and its agents, employees, or representatives concerning the subject matter of this suit.

<u>ANSWER:</u>

## <u>REQUEST FOR PRODUCTION NO. 2:</u>

Produce any and all correspondence, communications, letters and all other documents or writings between you and Defendant Hartford Fire Insurance Company, or its agents, employees, or representatives, concerning the subject matter of this lawsuit.

<u>ANSWER:</u>

## <u>REQUEST FOR PRODUCTION NO. 3:</u>

Produce all photographs Plaintiff has of the vehicle, parties, or scene of the accident.

<u>ANSWER:</u>

## <u>REQUEST FOR PRODUCTION NO. 4:</u>

Produce any and all documents, recordings or tangible things pertaining to this Defendant.

<u>ANSWER:</u>

REQUEST FOR PRODUCTION NO. 5:

A recent picture depicting the scars you are seeking to recover for as alleged in your petition. This is a request for a picture as of the date you filed this lawsuit.

ANSWER:


REQUEST FOR PRODUCTION NO. 6:

Produce all documents which support your claim for lost wages in the past and loss of earnings in the future.

ANSWER:


REQUEST FOR PRODUCTION NO. 7:

Produce all drawings, maps, or sketches of the scene of the accident.

ANSWER:


REQUEST FOR PRODUCTION NO. 8:

Produce any surveillance movies, photographs, or video tapes in which Defendant appears.

ANSWER:


REQUEST FOR PRODUCTION NO. 9:

Produce the police report or other report of any governmental agency relating to the collision.

ANSWER:

REQUEST FOR PRODUCTION NO. 10:

Produce all medical records, CAT scans, MRI reports, x-rays, physicians' notes, hospital records, prescriptions, medical bills, and all other documents or tangible things relating to any treatment Plaintiff received following the collision.

ANSWER:

REQUEST FOR PRODUCTION NO. 11:

Produce Plaintiff's income tax returns for 1998 through the present.

ANSWER:

REQUEST FOR PRODUCTION NO. 12:

Produce all documents regarding any medicine prescribed by any medical doctor during the last ten-years.

ANSWER:

REQUEST FOR PRODUCTION NO. 13:

Produce all health insurance policies that have covered or insured Plaintiff since 1995.

ANSWER:

REQUEST FOR PRODUCTION NO. 14:

Please sign and return to this office the employment records release form attached hereto as Exhibit "A."

ANSWER:

REQUEST FOR PRODUCTION NO. 15:

Please sign and return to this office the three (3) health information form releases attached hereto as Exhibit "B."

ANSWER:


REQUEST FOR PRODUCTION NO. 16:

Please produce all photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Pearl Dyane Villarreal, Pearl Dyane Villarreal's attorney or anyone acting on Pearl Dyane Villarreal's behalf.

ANSWER:


REQUEST FOR PRODUCTION NO. 17:

Please produce all pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene or vehicle or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession constructive possession, custody or control of Pearl Dyane Villarreal or Pearl Dyane Villarreal's attorney or anyone acting on Pearl Dyane Villarreal's behalf.

ANSWER:


REQUEST FOR PRODUCTION NO. 18:

A copy of all documents filed with any state, county, city federal or government agency, institution or department containing information about Defendant or its agents or employees, which are in the possession, constructive possession, custody or control of Pearl Dyane Villarreal, Pearl Dyane Villarreal's attorney or anyone acting on Pearl Dyane Villarreal's behalf.

ANSWER:

REQUEST FOR PRODUCTION NO. 19:

A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

ANSWER:

REQUEST FOR PRODUCTION NO. 20:

A copy of all petitions that have been filed by you, in connection with or on your behalf or any other lawsuit in which you are or were a party.

ANSWER:

REQUEST FOR PRODUCTION NO. 21:

A copy of all claims or demands for relief which you have asserted or which have been asserted on your behalf against any person or entity in the last 10 years.

ANSWER:

REQUEST FOR PRODUCTION NO. 22:

A copy of all releases and settlement agreements you have entered or that have been entered on your behalf in the last 10 years.

ANSWER:

REQUEST FOR PRODUCTION NO. 23:

Please sign and return to this office the request for copy or transcript of Tax form release attached hereto as Exhibit "C."

ANSWER:

REQUEST FOR PRODUCTION NO. 24:

A copy of the attorney fee contract you signed with you attorney for this case.

ANSWER:

# EXHIBIT "A"

## **AUTHORIZATION TO ANY EMPLOYER**

I do hereby authorize any employer, past or present, or any other person with relevant information, to disclose and furnish to the law firm of

**HODGE, JAMES & GARZA L.L.P.**
**Attorneys and Counselors at Law**
**134 East Van Buren Street**
**Third Floor, Suite 310**
**Harlingen, Texas 78550**
**Telephone: (956) 425-7400**
**Facsimile: (956) 425-7707**

any and all information and/or records concerning the past or present employment, including earnings, job descriptions, duties, injuries, illnesses, and/or absences of PEARL DYANE VILLARREAL. I further authorize that a photostatic copy of this authorization shall be considered as effective and valid as the original.

Signed the _____ day of _____, 2004.


_____
PEARL DYANE VILLARREAL

Pertinent information:

| | | |
|---|---|---|
| Name | : | PEARL DYANE VILLARREAL |
| Address | : | _____ |
| | | _____ |
| D.O.B. | : | _____ |
| S.S.N. | : | _____ |

# EXHIBIT "B"

## AUTHORIZATION FOR USE AND DISCLOSURE OF INDIVIDUALLY IDENTIFIABLE AND PROTECTED HEALTH INFORMATION ("HEALTH INFORMATION")

1. **PATIENT IDENTIFICATION**

PRINTED NAME: PEARL DYANE VILLARREAL
ADDRESS: _____
DATE OF BIRTH: _____ SOCIAL SECURITY NUMBER:_____

2. **PERSONS/ORGANIZATIONS AUTHORIZED TO DISCLOSE HEALTH INFORMATION:**
_____

3. **HEALTH INFORMATION TO BE DISCLOSED:**

   FROM: _____ TO PRESENT DATE

**HOSPITAL MEDICAL RECORDS**

_____ Complete inpatient and outpatient health record         _____ Emergency room record
_____ History and physical exam      _____ Discharge summary      _____ Consultation reports
_____ Progress notes         _____ Laboratory test results      _____ Pathology slides
_____ Operative reports         _____ Pathology reports
_____ Photos/videos/digital images      _____ Abstract of health record (all transcribed physician reports)
_____ Radiology reports         _____ Radiology studies to match attached records
_____ Other_____

   **HOSPITAL BILLING RECORDS**
_____ Complete billing records including itemized statement

4. **PURPOSE OF DISCLOSURE/USE:**  CIVIL LITIGATION

5. **TO WHOM AND WHERE TO SEND DISCLOSED HEALTH INFORMATION:**

I authorize the disclosure and use of the health information described above to the following person(s) or organization(s): HODGE & JAMES, L.L.P., 134 E. VAN BUREN, THIRD FLOOR, HARLINGEN, TEXAS 78550.

6. **RE-DISCLOSURE:**

I understand the information disclosed by this authorization may be subject to re-disclosure by the recipients and no longer be protected by the Health Insurance Portability and Accountability Act of 1996. The facilities, their employees and officers are hereby released from any legal responsibility or liability for disclosure of the above information to the extend indicated and authorized herein.

7.    **TIME LIMIT & RIGHT TO REVOKE AUTHORIZATION**:

Except to the extent that the action has already been taken in reliance on this authorization, I understand this authorization is voluntary and that I may revoke it at any time by submitting a notice in writing to the record custodian or organization(s) providing the health information. Unless revoked this authorization will expire on the following date or at the occurrence of the following event: final conclusion of the pending civil case or 180 days from the date of signature.

8.    **RIGHTS & SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE REQUESTING DISCLOSURE**:

I understand that I do not have to sign this authorization and that my treatment or payment for services will not be denied if I do not sign this form unless specified above under purpose of request. I can inspect or copy the health information to be used or disclosed. I may see and receive a copy of this authorization. I authorizate the herein named person and/or organization to disclose the health information specified above. The information I am requesting may be sent by U.S. Mail service, expedited mail service and/or electronic facsiile in accordance with the provider's facsimile policy. A facsimile, photostatic, carbon or other copies of this authorization are intended and shall be treated as an original.

SIGNATURE**_____

DATE:_____

PRINTED NAME:_____

THIS AUTHORIZATION WAS SIGNED BY _____ WHO WAS IDENTIFIED BY PICTURE I.D. ON THIS _____ DAY OF _____, 20__.

_____
WITNESS AND/OR NOTARY PUBLIC

**\*\* IF YOU ARE SIGNING AS A PERSONAL REPRESENTATIVE OF ANOTHER PERSON, YOU MUST PROVIDE A DESCRIPTION OF YOUR AUTHORITY TO ACT FOR THE OTHER PERSON (FOR EXAMPLE, A POWER OF ATTORNEY) AND A COPY OF THE DOCUMENT, IF ANY, THAT AUTHORIZES YOU TO ACT AS THE PATIENT'S PERSONAL REPRESENTATIVE.**

## <u>AUTHORIZATION FOR USE AND DISCLOSURE OF INDIVIDUALLY IDENTIFIABLE<br>AND PROTECTED HEALTH INFORMATION<br>("HEALTH INFORMATION")</u>

1.    **PATIENT IDENTIFICATION**

PRINTED NAME: PEARL DYANE VILLARREAL
ADDRESS: _____
DATE OF BIRTH: _____SOCIAL SECURITY NUMBER:_____

2.    **PERSONS/ORGANIZATIONS    AUTHORIZED    TO    DISCLOSE    HEALTH
      INFORMATION:**_____

3.    **HEALTH INFORMATION TO BE DISCLOSED:** including records/ documents received from
      any other healthcare providers, therapists, or counselors:
      FROM:_____(DATE) TO PRESENT DATE

_____Complete emergency medical transport and health record
_____Complete autopsy report, autopsy photographs & toxicology report
_____Complete health record from physician's office or clinic or chiropractor
_____Complete rehabilitation/ physical/ occupational/ recreational/ speech therapy record
_____Complete psychiatric, psychological, licensed clinical social worker, mental health counselor/ therapist record
      and associated testing
_____Complete durable medical equipment record/ medical supply record
_____Complete prosthetic equipment & fitting record       _____Complete pharmacy/prescription record
_____Complete dental record          _____ Radiology reports   _____ Radiology studies (films & images)
_____Laboratory test results         _____ Pathology reports   _____ Pathology slides
_____Photographs, videotapes, digital images              _____ Complete funeral home record
_____Complete home health/ nursing record                _____ Complete nursing home record
_____Other _____

      **BILLING RECORDS**
_____Complete billing records including itemized statement

4.    **PURPOSE OF DISCLOSURE/USE:**   CIVIL LITIGATION

5.    **TO WHOM AND WHERE TO SEND DISCLOSED HEALTH INFORMATION:**

I authorize the disclosure and use of the health information described above to the following person(s) or
organization(s): HODGE & JAMES, L.L.P., 134 E. VAN BUREN, THIRD FLOOR, HARLINGEN, TX
78550.

6.    **RE-DISCLOSURE:**

I understand the information disclosed by this authorization may be subject to re-disclosure by the recipients
and no longer be protected by the Health Insurance Portability and Accountability Act of 1996. The
facilities, their employees, and officers are hereby released from any legal responsibility or liability for
disclosure of the above information to the extent indicated and authorized herein.

7.    **TIME LIMIT & RIGHT TO REVOKE AUTHORIZATION:**

Except to the extent that action has already been taken in reliance on this authorization, I understand this authorization is voluntary and that I may revoke it at any time by submitting a notice in writing to the record custodian or organization(s) providing the health information. Unless revoked this authorization will expire on the following date _____ or at the occurrence of the following event: final conclusion of the pending civil case or 180 days from the date of signature.

8.    **RIGHTS & SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE REQUESTING DISCLOSURE:**

I understand that I do not have to sign this authorization and that my treatment or payment for services will not be denied if I do not sign this form unless specified above under purpose of request. I can inspect or copy the health information to be used or disclosed. I may see and receive a copy of this authorization. I authorize the herein named person and/or organization to disclose the health information specified above. The information I am requesting may be sent by U.S. mail service, expedited mail service (such as federal express, lone star, etc.) and/or electronic facsimile in accordance with the provider's facsimile policy. A facsimile, photostatic, carbon or other copies of this authorization are intended and shall be treated as an original.

SIGNATURE**_____

DATE:_____

PRINTED NAME:_____

THIS AUTHORIZATION WAS SIGNED BY _____ WHO WAS IDENTIFIED BY PICTURE I.D. ON THIS _____ DAY OF _____, 20__.


_____
WITNESS AND/OR NOTARY PUBLIC

**\*\* IF YOU ARE SIGNING AS A PERSONAL REPRESENTATIVE OF ANOTHER PERSON, YOU MUST PROVIDE A DESCRIPTION OF YOUR AUTHORITY TO ACT FOR THE OTHER PERSON (FOR EXAMPLE, A POWER OF ATTORNEY) AND A COPY OF THE DOCUMENT, IF ANY, THAT AUTHORIZES YOU TO ACT AS THE PATIENT'S PERSONAL REPRESENTATIVE.**

# EXHIBIT "C"