Form **4506**

(Rev. May 1997)

Department of the Treasury
Internal Revenue Service

# Request for Copy or Transcript of Tax Form

▶ Read instructions before completing this form.

▶ Type or print clearly. Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-0429

**Note:** *Do not use this form to get tax account information. Instead, see instructions below.*

| | |
|---|---|
| **1a** Name shown on tax form. If a joint return, enter the name shown first. | **1b** First social security number on tax form or employer identification number (see instructions) |
| **2a** If a joint return, spouse's name shown on tax form | **2b** Second social security number on tax form |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

**4** Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

**5** If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

**6** If we cannot find a record of your tax form and you want the payment refunded to the third party, check here . . . . . . ▶ ☐

**7** If name in third party's records differs from line 1a above, enter that name here (see instructions) ▶

**8** Check only one box to show what you want. There is no charge for items 8a, b, and c:

**a** ☐ Tax return transcript of Form 1040 series filed during the **current calendar year** and the **3 prior calendar years** (see instructions).

**b** ☐ Verification of nonfiling.

**c** ☐ Form(s) W-2 information (see instructions).

**d** ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). **The charge is $23 for each period requested.**
    Note: *If these copies must be certified for court or administrative proceedings, see instructions and check here* . . . . . ▶ ☐

**9** If this request is to meet a requirement of one of the following, check all boxes that apply.
    ☐ Small Business Administration    ☐ Department of Education    ☐ Department of Veterans Affairs    ☐ Financial institution

| | |
|---|---|
| **10** Tax form number (Form 1040, 1040A, 941, etc.) | **12** Complete only if line 8d is checked. Amount due: |
| | **a** Cost for each period . . . . . . . $ 23.00 |
| **11** Tax period(s) (year or period ended date). If more than four, see instructions. | **b** Number of tax periods requested on line 11 |
| | **c** Total cost. Multiply line 12a by line 12b. . $ |
| | *Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."* |

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here**

| | |
|---|---|
| ▶ Signature. See instructions. If other than taxpayer, attach authorization document. ____ Date ____ | Telephone number of requester ( ) Best time to call |
| ▶ Title (if line 1a above is a corporation, partnership, estate, or trust) | **TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions) |
| ▶ Spouse's signature ____ Date | |

# Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you request a copy of it or a transcript. For W-2

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

**Do not** use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.

**Note:** *Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives your request. It can take up to 60 calendar

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

*(Continued on back)*

(03-316)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PEARL DYANE VILLARREAL          §
                                §
                                §
VS.                             §          Civil Action No. B-03-205
                                §
                                §
HARTFORD FIRE INSURANCE COMPANY §

## DEFENDANT HARTFORD INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF, PEARL DYANE VILLARREAL

To:    Plaintiff, PEARL DYANE VILLARREAL, by and through her attorney of record:

Mr. Hugo Xavier De Los Santos
Attorney at Law
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213

COME NOW, HARTFORD FIRE INSURANCE COMPANY, Defendant in the above-

styled and numbered cause, and pursuant to the Federal Rules of Civil Procedure serve this its First

Set of Interrogatories Propounded to Plaintiff, PEARL DYANE VILLARREAL.

Respectfully submitted,

_Ann Crouch_

Anthony B. James
Federal Id. No. 3785
State Bar No. 10537300

Lisa M. Crouch
Federal I.D. No. 15307
State Bar No. 06571040

HODGE, JAMES & GARZA, L.L.P.
Attorneys and Counselors at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707

Attorneys in Charge for Defendant, HARTFORD
FIRE INSURANCE COMPANY

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendant Hartford Insurance Company's First Set of Interrogatories Propounded to Plaintiff, Pearl Dyane Villarreal has been served on the ____ day of February, 2004 to all attorneys of record by placing same in a post office or official depository under the care and custody of the United States Postal Service, via personal delivery as follows:

VIA CMRRR# 7003 2260 0005 0548 3995
Mr. Hugo Xavier De Los Santos
Attorney at Law
6800 Park Ten Blvd., Ste. 123-N
San Antonio, Texas 78213

Lisa M. Crouch

## INSTRUCTIONS

(1)     Pursuant to the Federal Rules of Civil Procedure, you are instructed to answer the following written Interrogatories separately and fully, in writing and under oath, having the answers to Interrogatories signed by you and serving a true copy of the answers on the undersigned attorney thirty (30) days after service hereof.

(2)     You are notified that the answers to the Interrogatories may be offered in evidence at the trial of this lawsuit for the consideration of the judge and jury.

(3)     If the information and contentions sought by these Interrogatories are within the knowledge or control of your agents, employees, attorneys, representatives, or any other person (as that term is defined below) over which you have control, or have a superior right to compel to do an act, the Interrogatory shall be understood to require the disclosure of such information and contentions.

(4)     If additional space is needed in order to provide a full answer to the question, please attach a separate page and continue your answer on that page.

(5)     Each and every answer is to full and complete.  If a question cannot be fully and completely answered, please state the reasons why you cannot completely answer the question.  If you do not know the answer to a question, please explain what efforts were made by you to learn of the answers to the questions.

(6)     If the party answering the Interrogatories, or such party's attorney, is of the opinion that the Interrogatories do not require more than thirty answers, then you are instructed to answer the first thirty Interrogatories and note your objections to the remaining Interrogatories.

(7)     These Interrogatories are continuing in nature and should you at a later date come into possession, custody or control of any of the information requested herein, then such information should be disclosed instantly to Defendant's counsel.

* * *

In answering the following Interrogatories, furnish all information available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known to your own personal knowledge.  If you cannot answer a Question or respond to a Request in full after exercising due diligence to secure the information or item requested, so state in your answer or response and to the extent possible answer or respond stating whatever information or knowledge you have.

The Interrogatories which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers and responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers and/or responses given to the Interrogatories below. Such supplemental answers and/or responses are to be served upon this party immediately upon receipt of such information.

## DEFINITIONS

As used in these Interrogatories, the following words shall have the definitions listed below:

(a)     "Arrangement" means any understanding, agreement or contract, either written or oral, including but not limited to guaranty agreements, loans, loan receipts, Mary Carter agreements, gentlemen's agreements, quasi-releases, assignments, releases, indemnity or contribution agreements, regardless of whether such understandings, agreements or contracts envision past, present or future performance, or are in some way contingent or executory and regardless of whether such communications are founded on legally sufficient consideration, or are otherwise legally enforceable, between you and any party to this lawsuit or any party or entity not a party to this lawsuit:

    (1)     which relate in any manner to the amount of money to be recovered by any Plaintiff from any party or person as a result of this lawsuit or the subject accident;

    (2)     whereby any party to this lawsuit or any person or entity not a party to this lawsuit has agreed to pay any Plaintiff and/or any Plaintiff's attorney some certain amount of money or other consideration regardless of the outcome of this lawsuit or any other lawsuit concerning the subject accident;

    (3)     whereby any Plaintiff's recovery from any party or person as a result of this lawsuit or the subject accidents in any way contingent upon the amount of money any Plaintiff and/or any Plaintiffs's attorney recovers from any other party as a result of this lawsuit or the subject accident;

    (4)     whereby any Plaintiff and/or any Plaintiff's counsel have agreed with any party to this lawsuit or any other person that such party's or person's maximum liability in terms of money damage as a result of this lawsuit or the subject accident will be limited to a specified amount even if any other party's liability and money damages as found by the judge or jury exceeds that specified amount;

(5)    whereby any Plaintiff or Plaintiff's attorney acquired any type of financial interest in the claim or cause of action of another party to this lawsuit or the subject accident;

(6)    whereby any Plaintiff or any Plaintiff's attorney has agreed to reduce any party's or person's monetary obligation to him/them in proportion to or as a result of any recovery which any Plaintiff or any Plaintiff's attorney might obtain against any other party as a result of this lawsuit or the subject accident;

(7)    whereby any Plaintiff or any Plaintiff's attorney agrees that he/they will look to a party or person other than a certain designated party for an amount or percentage of money in some way corresponding to the amount of money any Plaintiff or any Plaintiff's attorney might be entitled to recover against some other party upon the final judgment in this cause;

(8)    whereby any other potential party Defendant or Plaintiff will undertake some course of conduct with respect to this lawsuit or the subject accident that is designed to adversely affect the interest of this Defendant, or whereby any Plaintiff and/or any Plaintiff's attorney will undertake some course of conduct with respect to this lawsuit or the subject accident that is designed to avoid adversely affecting the interests of any other potential Defendant or Plaintiff.

(b)    "Course of conduct" concerning any arrangement includes without limitation the taking or exchanging of oral or written statements from potential witnesses; the providing or withholding of witnesses or evidence for trial or discovery purposes; the asking or forbearance from asking of questions about designated facts, witnesses, or parties during discovery or trial; the exercise of pre-emptory challengers during jury selection, and the making or failure to make designated motions or factual or legal arguments, as well as the supporting, failure to support, opposing or failure to oppose, of such motions or arguments.

(c)    "Describe in detail" means to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone numbers of persons involved, if appropriate, along with dates, times, places, amounts, and other particulars, which make the answer to the Interrogatory fail and meaningful. A failure to answer these Interrogatories in good faith may result in attorney's fees and costs being taxed against you under the Federal Rules of Civil Procedure.

(d)    "Document" includes the words "documents" or "documentary evidence" and means and includes any written, printed, recorded, taped, photographic, or graphic matter;

---

however, produced or reproduced, including but not limited to papers, books, accounts, drawings, graphs, charges, photographs, electronic or videotape recordings and any other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form.

(e)     "Evidence, facts, or information" means any evidence, facts or information which may tend to prove or disprove, directly or circumstantially, or bear upon any issues that are, or could be, raised in this lawsuit.

(f)     "Health care provider" means any medical doctor, osteopath, chiropractor, physical therapist, nurse, technician, rehabilitation therapist, psychiatrist, psychologist, counselor, faith healer, minister, priest, or any other person holding himself or herself out to be capable of the diagnosis, treatment or assistance in treatment of physical, psychological, emotional or mental injuries.

(g)     "Identify" should be interpreted so as to provide a full description of the matter involved.  "Identify" when referring:

    (1)     to a person means to state his or her full name, title, job description, current business and residence addresses and telephone numbers;

    (2)     to a public or private corporation, partnership, association or other organization, or to a governmental agency, means to state its full name and present, or last known, pertinent business address;

    (3)     to a statement means to identify who made it, who took or recorded it, and all persons, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who has present or last known possession, custody, or control thereof;

    (4)     to a document means to state a description of the document, its date, the authors, the recipients, its location, the name and address of its custodian, and the substance of the document;

    (5)     to an act or omission means to state a detailed description of the act or omission, the date it occurred, the place it occurred, the identity of the person or persons performing such act, or in the case of an omission, the identity of the person or persons failing to act, identity of all person who have knowledge of the act or omission, the date the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(h)     "Knowledge of relevant facts" means knowledge of any discoverable matter. The information need not be admissible in order to satisfy the requirements of the Federal Rules of Civil Procedure and personal knowledge is not required.

(i)     "Person" means natural persons, and also includes professional associates, corporations, partnerships, associations, federations, or any other entity.

(j)     "Possession, custody or control" includes constructive possession such that the person need not have actual physical possession as long as the person has a superior right to compel the production from a third party (including an agency, authority or representative, the person has possession, custody or control.

(k)     "Subject incident" refers to the incident made the basis of this lawsuit which allegedly occurred at your residence.

(l)     "You," "your" and "yourselves" refer to the Plaintiff. Please note the instructions in item number 5 above.

DEFENDANT HARTFORD INSURANCE COMPANY'S FIRST SET OF
INTERROGATORIES PROPOUNDED TO PLAINTIFF, PEARL DYANE VILLARREAL

## INTERROGATORY NO. 1:

The name, address and telephone number of any person who is expected to be called to testify at trial.

ANSWER:

## INTERROGATORY NO. 2:

Identify all doctors, hospitals and medical providers from whom you have sought or obtained treatment during the past fifteen years. Include the date treatment and reason for treatment or care. Indicate with an asterisk those you have see as a result of the underlying collision.

ANSWER:

## INTERROGATORY NO. 3:

Please provide the name, address and phone number for each expert witness used for consultation and who is not expected to be called as an expert witness at trial but whose opinions or impressions have been reviewed by a testifying expert, and specify the subject matter on which the witness is expected to testify, the mental impressions and opinion held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or from the basis of the mental impressions and opinion held by such expert.

ANSWER:

INTERROGATORY NO. 4

Identify each document, photograph, book, article, pamphlet, recording, ordinance, deposition, statement, statute, writing, test or procedure considered, reviewed, performed or relied upon in whole or in part by each consulting expert witness identified by you in the above interrogatory.

ANSWER:

INTERROGATORY NO. 5:

Identify all documents and tangible thing in your possession, custody or care pertaining to an investigation of the accident in question.

ANSWER:

INTERROGATORY NO. 6:

If you claim to have lost time from work as a result of the occurrence in question, please state the date or dates when time was lost, the specific reason for such lost time and how much salary or income was lost on each occasion. Also identify your employer(s) at the time you incurred the lost wages.

ANSWER:

INTERROGATORY NO. 7:

Please provide the following:

a.   The names and addresses of all of your employers for the ten-year period immediately preceding the incident made the basis of this lawsuit to the present time (if self-employed, please describe such employment);

b.   The beginning and ending dates of all employment identified above; and

c.   Your earnings for each period of employment;

ANSWER:

INTERROGATORY NO. 8:

If you have been involved in any other accident, either before or after the one made the basis of this suit, including automobile accidents, on-the-job accidents, industrial accidents, home accidents, slip-and-fall accidents, or any other types of accidents, please state where each such accident took place, the general nature of each such accident and whether you sustained any injury or medical treatment as a result.

ANSWER:

INTERROGATORY NO. 9:

If you have ever been charged, convicted, received a deferred adjudication or probation for a crime or traffic offense, then state the following:

     a.     The date, city, county and state of such charge or conviction; and

     b.     The specific charges or nature of such conviction.

ANSWER:

INTERROGATORY NO. 10:

Excluding the underlying case, if you or any person on your behalf has ever filed or presented a demand, claim or lawsuit against any person, firm, corporation or other entity to recover damages as a result of personal injuries sustained by you, please identify fully each claim or lawsuit (including but not limited to claim number, person against whom the claim or lawsuit was filed, the full style of any lawsuit and the status or resolution of said claim or lawsuit).

ANSWER:

INTERROGATORY NO. 11:

State in detail what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the 48 hour period prior to the January 1, 2000, accident.

ANSWER:

INTERROGATORY NO. 12:

Please state completely and fully all representation, statements, declarations or admissions made by Defendant or any agent, servant or employee of Defendant.  Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

ANSWER:

INTERROGATORY NO. 13:

Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

ANSWER:

INTERROGATORY NO. 14:

Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred.

ANSWER:

## AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF _____ | § |

BEFORE me, the undersigned notary, on this day, personally appeared PEARL DYANE VILLARREAL, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said:

"My name is PEARL DYANE VILLARREAL. I am capable of making this affidavit. I have read the above and foregoing answers to interrogatories; and every statement contained in the answers is within my knowledge true and correct."

SIGNED this the _____ day of _____, 2004.


_____
PEARL DYANE VILLARREAL


SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, 2004.


_____
NOTARY PUBLIC, STATE OF TEXAS


My Commission Expires:_____

Defendant Hartford Insurance Company's First Set of Interrogatories
Propounded to Plaintiff, Pearl Dyane Villarreal/2003-316

Page 14